## EMORY FOWLER *vs.* SARAH ROE.

1. Upon *certiorari* bringing up proceedings under the supplement to the landlord and tenant act, *Nix. Dig.* 422, the only question for the court is, whether the justice had jurisdiction.

2. What is necessary to give jurisdiction.

3. The affidavit of the claimant must contain a statement of facts which authorize the removal of a tenant. To swear the defendant is "her tenant," and holds over premises "heretofore leased to him," his "term having expired," is insufficient. They are but the claimant's conclusions from facts which are not disclosed.

4. If sufficient facts are set out in the affidavit, but not proved, the jurisdiction fails.

*Certiorari* in matter of proceeding under the supplement to the act concerning landlords and tenants.

Argued, at February term, 1856, before POTTS, RYERSON, and VREDENBURGH, Justices; *Lytle* and *Field*, for plaintiff in *certiorari*, *James S. Green*, for defendant.

The opinion of the court was delivered by

POTTS, J. This was a proceeding under the supplement to the act concerning landlords and tenants, *Nix Dig.* 422.

The only question in the cause is, whether the justice

had jurisdiction. If he had, we cannot entertain this *certiorari*. *Nix. Dig.* 422, § 7, *pl.* 24.

The object of the act is to provide a more efficient remedy for the landlord, in case—1, a tenant shall hold over and continue in possession of demised premises, or any part thereof, after the expiration of his or her term, and after demand made and notice in writing given for delivering the possession thereof, by the landlord or his agent for that purpose ; or, 2, where the tenant holds over after any default in the payment of the rent, pursuant to the agreement under which such premises are held, and where satisfaction for such rent cannot be obtained by distress of any goods, and a demand for such rent shall have been made by three days' notice in writing, requiring payment or the possession of the premises, served by the person entitled to such rent, upon the persons owing the same.

To give the justice jurisdiction of the first class of cases, it must appear—

1. That the relation of landlord and tenant exists between the parties.

2. That the tenant's term has expired, and that, notwithstanding this, he holds over.

3. That the landlord, or his agent, has made demand, and given notice in writing to the tenant to deliver up the possession.

In the second class of cases, it must appear—

1. That the relation of landlord and tenant exists.

2. That default has been made by the tenant in the payment of rent, according to the terms of the agreement or demise under which he holds.

3 That there are no goods of the tenant on the premises out of which the rent due can be made by distress.

4. That three days' notice in writing has been served by the person entitled to the rent, on the person owing the same, requiring payment or possession.

In this summary proceeding before a justice of the peace, to turn one man out of the possession of the premises he occupies, and put another in, the power is delegated by special statutory authority to a court having no jurisdiction to try the title to lands, and can only be exercised where all the prerequisites to its exercise prescribed by the statute appear to exist, and are shown to have been complied with.

The case before the court purported to be the case of a holding over after tenancy ended, and demand made, and notice given, according to the statute.

The second section of the statute requires, as the first step in the proceeding, that the landlord, &c., shall make and present to the justice an oath, in writing, of the facts which, according to the preceding section, authorize the removal of a tenant, describing therein the premises claimed, before the justice shall be authorized to issue a summons in the case. And the fourth section provides, that in case of a tenancy at will or at sufference, or from year to year, the justice shall be satisfied, by due proof, that such tenancy has been terminated by giving notice in the manner prescribed by law. These provisions being complied with, he is to issue his summons.

The claimant in this case, in the affidavit she presented to the justice, says, "that Emory Fowler, her tenant, holds over, and continues in possession of the house and lot heretofore leased to him, situate, &c., the term of the said Emory Fowler having expired, and the said Sarah Roe having demanded possession," &c.

The affidavit is insufficient. It does not contain a statement of the facts which authorize the removal of a tenant within the meaning of the statute. She swears he is her tenant of a lot heretofore leased to him. But this is only her conclusion from facts which she has not disclosed. How is he her tenant? What was the transaction which she calls a leasing? She withholds the facts, and swears

to the law of the case, of course, as she understands it. This is not enough. She swears the term has expired. But the facts upon which this asseveration is founded should be disclosed to the court. Apart from this mere asseveration, there was nothing before the court to show that the relation of landlord and tenant existed between the parties. No demise under seal or by parol is mentioned, or when made and entered into, or for what time or term; or how the tenancy commenced, or when, or upon what event or condition it was to terminate, in order that the court might know, from the facts sworn to, whether the defendant was a tenant or lessee at will, or by sufferance, or for part of a year, or for one or more years, or that the tenancy had, at law, expired, and when. It was necessary this should appear, in order—1, to enable the justice to ascertain and determine whether it was a case of tenancy, and whether there was sufficient proof before him of the termination of the tenancy; for it has been held, that if the tenancy was to end at a time certain, the oath of the landlord or his agent is sufficient, but in case of an uncertain tenancy or of a tenancy at will, other proof must be made of its termination before the justice has jurisdiction. *Stanley* v. *Homer, Nix. Dig.* 424. And 2, it was necessary, in order to apprise the defendant of the precise nature and ground of the complaint, that he might be prepared to meet it; for the affidavit comes in the place of a declaration or state of demand, and is the only notice he has of what is alleged against him.

But, in the second place, the evidence produced at the trial utterly failed to establish the fact of a tenancy. The case commenced in assertion, and ended without proof. The evidence was that Emory Fowler, the defendant, owned the premises in question in 1848; that he had given two mortgages on it, one to Stout, for $312, and one to Lane for $212. Some time in that year Fowler made a proposition to John Roe, the father of Sarah Roe, the complainant,

that she, Sarah, should buy the property of him, and suffer him to live on it, he paying the interest on these two mortgages. A lady who was present, and heard the proposition, wrote to Sarah, who was then living in New York, stating this proposition to her, and she received a letter from Sarah accepting it. This lady testified further, that she had heard Fowler say, since, that he was to pay the interest on the mortgages, and make such repairs as his means would permit; and she understood, from the agreement, that Fowler rented of Sarah Roe, and that the rent was to be the interest on the two mortgages. This was all the evidence as to a tenancy, except that Sarah and John Roe had each paid some interest on the Lane mortgage, and Fowler had once told Stout to look to Sarah for the interest on his mortgage, and she told him to get it of Fowler, if he could, and if he could not she would try to get it somehow.

No case could better illustrate the importance of requiring the complainant to disclose in the affidavit the facts upon which the complaint is grounded. The complainant here, we doubt not, believed that Fowler was her tenant, and that his term had expired, and had therefore no hesitation in so swearing. But if she had been required not only to say he was her tenant, but how he was so, she could scarcely have been able to put on paper a case with which she could have even deluded herself.

The counsel of the defendant, before the trial, moved to dismiss the proceedings on account of the insufficiency of the affidavit; and, after the complainant's evidence had closed, again moved to dismiss the case for want of proof of the tenancy. Both motions were overruled, and the verdict and judgment were for the claimant.

It is clear the case was not within the jurisdiction of the justice under the act, and the judgment is reversed.

Cited *in Schuyler* v. *Trefren*, 2 *Dutch.* 213; *Mor. Can. & B'nk'g Co.* v. *Mitchell*, 2 *Vr.* 103; *Shepherd* v. *Sliker*, 2 *Vr.* 433; *Brahm* v. *Jersey City Forge Co.*, 9 *Vr.* 75; *McQuade* v. *Emmons*, 9 *Vr.* 398.