### NEHEMIAH DAVIS v. PUBLIC SERVICE CORPORATION.

Submitted December 5, 1908—Decided February 23, 1909.

1. The act of 1906 (*Pamph. L., p.* 525) does not repeal or supersede section 21 of the Practice act, and it is still permissible for a married woman to sue jointly with her husband in actions *ex delicto* as at common law and to add claims by the husband in his own right as permitted by that section.
2. After a demurrer to a joint declaration by husband and wife for an injury to the wife has been sustained on the ground of an improper joinder of parties plaintiff and actions, the court may separate the causes and order that they proceed as separate causes thereafter.
3. The filing of a demurrer in such a case operates as a general appearance to both counts of the declaration, and the plaintiffs may, upon order by the court, proceed separately and file separate declarations without the issuance of new process.
4. The defendants in such a case cannot plead in abatement that they were summoned to answer the plaintiffs jointly and not severally.
5. In order for a defendant to avail himself of a variance between the writ and the declaration, he must, under our practice, crave oyer of the writ.

---

On demurrer to a replication. Case certified.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff, *Wilson, Carr & Stackhouse.*

For the defendant, *Edward A. Armstrong.*

The opinion of the court was delivered by

SWAYZE, J. Nehemiah Davis and Fannie C. Davis, his wife, brought an action against the Public Service Corporation to recover damages for an injury to the wife. The declaration contained two counts, one claiming for the damages suffered by the wife, and the other for the damages suffered by the husband. To this declaration there was a demurrer, upon the ground that the plaintiffs were improperly joined. The theory of the demurrant seems to have been that the law of this state was changed by the act of 1906. *Pamph. L., p.* 525. The circuit judge seems to have held that this demurrer was well taken; at any rate, he allowed a rule sustaining the demurrer—whether after argument and consideration does not appear—and thereupon, on motion of the attorneys for the plaintiff, gave them leave to amend their declaration by filing separate declarations for their several causes of action, and ordered that the actions be docketed by the clerk and proceed as separate actions. Separate declarations were filed by the two plaintiffs. To each of these declarations the defendant pleaded in abatement that it had been summoned to answer Fannie C. Davis and Nehemiah Davis jointly, and proceeded "wherefore, inasmuch as the said Fannie C. Davis and Nehemiah Davis are named together as plaintiffs in said writ, and the said Nehemiah Davis is named alone as plaintiff in said declaration, whereby there is a misjoinder of plaintiffs in said writ, the defendant prays judgment of the said writ and declaration, and that the same may be quashed." To this there was a replication, setting up the proceedings already had, and claiming the benefit of a general appearance by the defendant. To this replication there is a demurrer. The question which presents itself, therefore, is whether the plea in abatement is good. The following questions are certified for our advisory opinion:

"*First.* Where a demurrer is filed to a joint declaration by husband and wife for an injury to the wife, on the ground of an improper joinder of parties plaintiff and actions and is

sustained, can the court separate the causes and order that they proceed as separate causes thereafter?"

To this we answer that the court can separate the causes and order that they proceed as separate causes thereafter. In fact, in a case of this character, there are two separate causes which are combined only by virtue of the twenty-first section of the Practice act. That section authorizes the court to order separate actions brought in respect to such claims to be consolidated, and we see no reason why, where a joint action is brought by virtue of the statutory permission, the court may not, if convenience demands, order the two causes to be separated. The demurrer in this case was improperly sustained, since the act of 1906 above referred to does not in any way alter or amend section 21 of the Practice act. Its only effect is to permit a married woman to maintain an action in her own name without joining her husband therein, but it expressly provides that it shall not be so construed as to interfere with or take away any right of action at law or in equity now provided for the torts above mentioned. While a married woman, therefore, may, since 1906, bring such an action in her own name without joining her husband, she is not compellable to do so.

"*Second.* Does filing such demurrer operate as a general appearance by the defendants to the several actions, so that the plaintiffs, upon such order being made, may proceed separately and file separate declarations against the defendants in the separate causes without the issuance of new process?"

To this we answer that the filing of such a demurrer does operate as a general appearance by the defendants to the action in the right of the wife and to the action in the right of the husband, and that upon the court ordering the two causes of action to be separated and separate declarations to be filed, the plaintiffs may proceed against the defendants in the separated causes without the issuance of new process.

"*Third.* Can the defendants, after filing such a demurrer, be heard to object by way of pleas in abatement of the writ

and declaration filed in the causes as separated that they were summoned to answer the plaintiffs jointly and not one of the plaintiffs severally?"

To this we answer that the defendants cannot be heard to object in such case by way of plea in abatement. It is proper to add that the plea in abatement in this case is insufficient to present the question which the pleader seeks to raise. It seeks to avail itself of an alleged variance between the writ and the declaration. In order to do that by plea it is necessary to crave oyer of the writ, since, under our practice, the writ does not appear on the face of the declaration. *Bank* v. *Arrowsmith, 4 Halst.* 284; *Schenck* v. *Schenck, 5 Id.* 274.

"*Fourth.* Where a replication filed to such a plea setting up that the defendants had entered a general appearance to the actions of the plaintiffs is demurred to, on the ground that the appearance is insufficient to bring the defendants into court, should the demurrer be stricken out on motion?"

To this we answer that the demurrer to the replication should be stricken out on motion, since the plea is obviously bad, for the reason stated in answer to the third question. No question is certified to us relating to the second plea. What we have already said will no doubt enable the Circuit Court to dispose of any question that may arise upon that plea.