RAMON MONTALVO. PROSECUTOR, v. HARRY LEVINSTON
ET AL., RESPONDENTS.

Submitted December 4, 1919—Decided April 1, 1920.

1. Where no definite time is fixed for which premises are leased, and the rent is paid monthly, the tenancy is one from month to month.
2. On *certiorari* bringing up a summary proceeding in the District Court under the Landlord and Tenant act, the only inquiry to be determined is whether there was any evidence from which the jurisdictional facts set out in the affidavit might have been properly found.
3. The right to bring summary proceedings under the Landlord and Tenant act follows the transfer to the grantee of the reversion or to the assignee, no attornment of the tenant being necessary.

On *certiorari.*

Before Justices TRENCHARD, BERGEN and KALISCH.

For the prosecutor, *John P. Kirkpatrick.*

For the respondents, *Alfred S. March* and *Horace E. Barwis.*

The opinion of the court was delivered by

KALISCH, J. A judgment for possession of certain premises was obtained by the defendants herein in the New Brunswick District Court, in a summary proceeding under an act entitled, "An act concerning landlords and tenants."

The prosecutor seeks to have the legal propriety of that judgment reviewed here upon the ground that the court below, upon the facts of the case, should have given a judgment for the prosecutor.

There was no claim made in the trial court by the prosecutor, nor is there any claim made here that the landlord's affidavit upon which the proceedings were founded did not set forth the required jurisdictional facts conferring jurisdiction

upon the court below to inquire into and to hear and determine the cause.

The brief of counsel of prosecutor concedes that "the affidavit set forth facts indicating that the tenant was a monthly tenant, in possession of the premises described in the affidavit." A further concession made is that a thirty days' notice was served upon the tenant to deliver the possession in question to the landlord.

The sole ground upon which the prosecutor seeks relief by *certiorari* is that under the evidence the trial judge was legally obligated to find that the tenancy was not one from month to month but a tenancy for an indefinite period, namely, in this instance, a tenancy at will.

The landlord, if required, is bound to establish by proof the jurisdictional facts set out in the affidavit. The proof was as follows: One Nybo was formerly the owner of the premises described in the affidavit; that on February 1st, 1917, he leased the premises to the prosecutor in these words: "I told him he could try it at $75 per month and that I wouldn't disturb him;" and thereafter the prosecutor paid Nybo $75 monthly in advance; that on May 1, 1918, Nybo sold the premises to James Mangin. There was no written lease. Mangin testified that the monthly rent was thereafter paid to him in advance by the prosecutor, until June, 1919, when Mangin sold the premises to the defendants who brought the proceedings to dispossess the prosecutor.

The right to institute such proceedings follows the transfer to the grantee of the reversion or to the assignee, no attorment of the tenant being necessary. *Watson* v. *Idler,* 54 *N. J. L.* 467, 471; *Lloyd* v. *Richman,* 57 *Id.* 385; *Robinson* v. *Boys et al.,* 61 *Id.* 179; *Roberts* v. *McPherson,* 62 *Id.* 165; *Binder* v. *Azzaro,* 74 *Id.* 328.

The fundamental and only other question for our consideration is whether the evidence adduced by the landlord established the relation of landlord and tenant as set out in the affidavit.

That there was a letting of the premises by Nybo, the former owner, to the prosecutor is not disputed. The insist-

ence of the prosecutor is that Nybo's statement, when he leased the premises to the prosecutor, "I told him to try it for $75 per month, and that I wouldn't disturb him," created a tenancy at will which entitled the prosecutor to a three months' notice to quit.

The trial judge decided that as there was no definite time fixed for which the premises were leased and the fact being undisputed that the prosecutor paid the rent monthly in advance, under *Steffens* v. *Earl*, 40 *N. J. L.* 128, the tenancy was one from month to month as set out in the affidavit. We think the evidence justified this ruling.

The prosecutor went into possession of the premises on February 1st, 1917, from which time forward he paid the fixed rent monthly, in advance, to Nybo and the successive grantees of the property. At the time of the letting Nybo told the prosecutor that he could try the premises at $75 per month and that he, Nybo, would not disturb him. What was intended and understood by the parties from Nybo's statement was a question of fact for the trial judge to determine from all the evidence adduced by the complainants below to establish the jurisdictional facts set out in the affidavit. The fact that the prosecutor entered into possession and paid the rent monthly in advance, and the absence of any evidence that there was a definite term fixed was some evidence supporting the finding of the trial court that the tenancy was one from month to month, under the doctrine laid down in *Steffens* v. *Earl, supra*.

Under the settled law of this state our consideration of the questions presented is limited to a single inquiry, and that is, whether there was any evidence from which the jurisdictional facts set out in the affidavit might have been properly found. *Moreland* v. *Steen*, 89 *N. J. L.* 383. The fact that there were trial errors is of no consequence. The tenant's redress for an unlawful eviction is an action of trespass against the landlord, as prescribed by the statute. *McGann* v. *LaBrecque Co.* (*Court of Errors and Appeals*), 109 *Atl. Rep.* 501.

The writ is dismissed, with costs.