HYMAN HOFFMAN, APPELLANT, v. LOUIS SEIDMAN, RE-
SPONDENT.

Argued October 28, 1924—Decided January 19, 1925.

1. In the absence of fraud or illegality, where a written lease is
   complete on its face, oral testimony will not be permitted, either
   to contradict it or to supply terms with respect to which the
   writing is silent.
2. A clause in a written lease of premises, complete on its face,
   obligated the lessee not to "use or permit any part thereof to be
   used for any other purpose than a dwelling and a hardware and
   paint store." *Held,* (1) that such clause was not ambiguous;
   (2) that it was perfectly clear from the context that the parties
   intended the disjunctive "or" instead of the conjunctive "and;"
   (3) that the whole purpose of the clause in question was to ex-
   clude any other use, but to permit the uses mentioned, not
   necessarily conjunctively, but either of them, or both, and at such
   times as the lessee saw fit to so use them, and that he was un-
   der no obligation to use the premises at all, or at any time to
   reside there, or at any time to keep store there, and (4) that
   oral testimony that the parties intended a certain part of the
   premises to be used as a dwelling, and a certain part to be used
   as a store, was not admissible to show a forfeiture by a viola-
   tion of such restriction.
3. When the meaning of the language of a written lease is plain
   and unambiguous, when read in connection with the context,
   parol evidence as to its meaning is not admissible.
4. A mere permissive use of the sidewalk in front of leased prem-
   ises which amounts to nothing more than a license is not a
   breach of a covenant "not to underlet said premises or any part
   thereof."

On appeal from the Supreme Court.

For the appellant, *Joseph Beck Tyler.*

For the respondent, *Herbert J. Koehler* and *Louis B. Le-
Duc.*

The opinion of the court was delivered by

TRENCHARD, J.   This in an appeal from a judgment of
nonsuit entered at the Camden Circuit.

The plaintiff's suit was in ejectment to recover possession of certain leased premises known as 1100 Broadway, in the city of Camden. These premises had been leased by the plaintiff to the defendant under a written lease executed on April 16th, 1918, and providing for a term of five years, with an option in the defendant-lessee to renew for an additional term of three years, and there is involved the right of the tenant to continue in possession of these premises until April 16th, 1926.

The plaintiff's claim of forfeiture of the lease is based on alleged violations by the defendant of two of the covenants of the lease contained in the following clause obligating the lessee "not to underlet said premises, or any part thereof, * * * nor use, or permit any part thereof to be used, for any other purpose than a dwelling and a hardware and paint store."

At the trial, in his endeavor to prove a violation of the covenant respecting use, the plaintiff proved, in effect, that when possession was given to the defendant, the first floor of the premises was fitted up and had been previously used by the plaintiff-lessor himself as a hardware store, and practically all of the second floor as a dwelling; that defendant, on taking possession, continued to use the property in the same way; that in the fall of 1923, however, he temporarily removed from the second floor and stored certain of his merchandise there.

The theory of the plaintiff was that the part of the provision of the lease above quoted respecting use required defendant to maintain the second floor as a dwelling—although the second floor was not mentioned in the lease—and that he had violated the covenant in question when he used the second floor for the storing of his merchandise or as a hardware or paint store. And, in order to furnish a basis for that contention, the plaintiff offered to further prove that the parties intended, by their covenant against a use "for any other purpose than a dwelling and a hardware and paint store," to require defendant to use a certain defined portion of the premises as a dwelling and a certain other defined

portion of the premises as a hardware and paint store. This offer, made apparently on the assumption that the provision of the lease in question was ambiguous and needed explaining, was overruled by the trial court.

The allegation that the defendant had sublet the premises in violation of the terms of the lease, had as its only basis hearsay testimony, and will be dealt with further in the course of this opinion.

At the close of plaintiff's case a nonsuit was granted, and, we think, rightly.

The plaintiff-appellant has assigned grounds of appeal as follows: That the trial court erred (1) "in excluding testimony to show what the parties to the lease intended by the words 'store and dwelling;'" (2) "in concluding as a fact that defendant had a right to use the whole premises for either a dwelling or store;" (3) "in concluding that the defendant did not sublet the premises or any part thereof;" (4) "in directing a nonsuit."

The first and second grounds will be considered together.

We find no error in the exclusion of evidence. There was no evidence—not even a suggestion—of fraud or illegality with respect to the lease. The offer was to prove conversations between the parties, prior to or contemporaneous with the making of the lease, "that a certain part of this property was intended by the parties to be used as a dwelling, and a certain part intended to be used as a store; that it was so occupied at the time the lease was made, and so designated between the parties to be so occupied during the term of this lease."

But that offer was properly overruled, because the written lease was complete on its face, and oral testimony, either to contradict it or to supply terms with respect to which the writing was silent (as the testimony offered would have done), will not be permitted, in the absence of fraud or illegality. *Castelbaum* v. *Wolfson,* 92 *N. J. L.* 165; *Naumberg* v. *Young,* 44 *Id.* 331.

But the defendant argues that the phrase, "nor use, or permit any part thereof to be used, for any other purpose

than a dwelling and a hardware and paint store," is ambiguous.

We think it is not. We think it perfectly clear that the whole purpose of that clause was to exclude any other use, but to permit the uses mentioned, not necessarily conjunctively, but either of them, or both, and at such times as the tenant sees fit to so use them, and that he was under no obligation to use the premises at all, or at any time to reside there, or at any time to keep a store there. The language used is restrictive, not mandatory. The case of *McCormick* v. *Stephany*, 57 *N. J. Eq.* 257, is essentially similar to the instant case. Only one point of differentiation exists. The disjunctive "or" was used in the McCormick lease, whereas here the conjunctive "and" is used. But this difference is unimportant, since it is perfectly clear from the context that here the parties intended the disjunctive "or" instead of the conjunctive "and," and it is necessary to so construe the lease in order to avoid an absurd and illogical result. If "and" were taken literally it would result that each and every part of the leased premises must at one and the same time be devoted to the conflicting uses of a dwelling and a store, and, to avoid so absurd a result, the language will be construed in accordance with the evident intent. *Feigenspan* v. *Popowska*, 75 *Id.* 342. Of course, it does not follow, because the parties used the conjunctive instead of the disjunctive, that they thereby rendered their lease ambiguous and opened the door to oral testimony. When, as here, the meaning of the language of the lease is plain and unambiguous when read in connection with the context, parol evidence as to its meaning is not admissible. See cases collected in 10 *R. C. L.* 1063.

We think that it is also clear that the trial court did not err in holding that plaintiff had failed to prove a subletting of the leased premises or any part thereof. The only evidence relied upon (and that was hearsay) indicates nothing more than a permissive use of the sidewalk in front of the leased premises, and that was nothing more than a license, and was not a breach of the covenant "not to underlet said

premises or any part thereof." See *35 C. J.* 980, and cases there collected.

Finally, we, therefore, conclude that there was no error in granting the nonsuit.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 14.

*For reversal*—None.