ATLANTIC COUNTY CIRCUIT COURT.

TERMINAL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, COMPLAINANT, v. CONSTANTINE STOICOS AND CORNELIA STOICOS, DEFENDANTS.

Decided April 9, 1946.

For the complainant, *Endicott, Dowling & Endicott* (by *Daniel J. Dowling* and *Allen B. Endicott, 3d*).

For the defendants, *Morgan E. Thomas* and *Edward Fishman*.

BURLING, C. C. J.   On March 15th, 1946, the complainant commenced proceedings in the Atlantic City District Court to acquire possession of "a certain Hotel, designated 'Terminal Hotel' excepting thereout and therefrom bars, grills and all stores in premises situate at and known as No. 2108 Atlantic Avenue, in the City of Atlantic City" on the ground that the defendants, tenants in possession of the premises, held over and continued in possession thereof after the expiration of their term and after demand was made and written notice given by the landlord for delivery of possession of the premises to it.   *R. S.* 2:58–17(a) ; *N. J. S. A.* 2:58–17(a). Prior to the return date of the summons to show cause why possession should not be delivered to complainant, an application was made by defendants pursuant to *R. S.* 2:58–27; *N. J. S. A.* 2:58–27 (see, also, *R. S.* 2:32–274; *N. J. S. A.* 2:32–274) to the Honorable Frederick R. Colie, a Justice of the Supreme Court of New Jersey, for an order transferring the cause to the Atlantic County Circuit Court.   On March 19th, 1946, an order was made by him transferring the cause to the Circuit Court of the County of Atlantic and in due season the appropriate papers were delivered to the clerk of the Atlantic County Circuit Court, thereby vesting that court with full and exclusive cognizance of the case. *R. S.* 2:58–27; *N. J. S. A.* 2:58–27.

Pursuant to the mandate of the statute (*R. S.* 2:58–28; *N. J. S. A.* 2:58–28) a *venire facias* was issued by the Atlantic County Circuit Court Judge returnable within one week. Prior to the return date of the *venire facias* as aforesaid, defendants moved to dismiss the affidavit and the cause of action based thereon upon the grounds that:

"1. The summons to show cause in this case states that it was issued and served for default in rent, whereas, the affidavit states that possession is sought for expiration of term.

"2. The notice dated March 14th, 1946, and served upon the tenants on March 14th, 1946, after twelve noon on that date, referred to in the affidavit and made a part thereof, is defective in that it does not make a demand for possession, and further, in that it does not require immediate possession.

"3. The affidavit is defective in that it is not signed properly for the reason that there is no designation of the capacity in which the signature is affixed.

"4. The Atlantic County Circuit Court does not have jurisdiction in this case."

The trial was adjourned to April 9th, 1946, by consent of the parties. The motion to dismiss the affidavit was argued and briefs submitted and decision reserved until the adjourned date of trial. The jury having been summoned in accordance with the *venire facias* and the cause coming on for trial in the presence of the parties and their attorneys to inquire into and try the proceedings for the possession of said premises, the defendants renewed their motion to strike out the affidavit of the complainant and the cause of action upon the aforesaid grounds. Ground No. 3 was abandoned at the time of the argument.

The grounds assigned are without merit and the motion is denied.

*First Ground*—The summons to show cause issued in this cause was prepared on the ordinary printed form used in the Atlantic City District Court. Such summons is the only one used in that court in landlord and tenant cases. On the backing or endorsement, *inter alia*, are the printed words "Summons to Show Cause" and beneath that, "Default in Rent."

Toward the bottom of the backing is printed in columnar form the words "Rent," "Costs," and "Mileage."

The summons was prepared by counsel for the complainant and was signed and issued by the clerk of the District Court of the City of Atlantic City. Through an oversight complainant's counsel failed to cause the words "Default in Rent" to be stricken.

There is no statutory or other authority requiring any endorsement to be placed upon the back of a summons to show cause in a landlord and tenant case. In this respect this type of summons to show cause is to be distinguished from an ordinary summons, calling upon the defendant to answer a state of demand which sets forth an action for the recovery of a sum certain. In the latter case, *R. S.* 2:32–22; *N. J. S. A.* 2:32–22, requires the clerk of the court to enter in the body of each summons the sum demanded, and to endorse the amount of the said sum and the costs on the said summons. The reason for this requirement is set forth in *R. S.* 2:32–23; *N. J. S. A.* 2:32–23, which provides that the defendant, before taking any action in the cause, may pay to the constable serving the process the sum demanded with costs, and that the constable's receipt shall be a full discharge of the defendant. In a case subject to the provision of the above two sections of the statute, the endorsement assumes some importance, which importance is totally lacking in the case of a summons to show cause under a landlord and tenant proceeding. The form of summons used in a summary dispossession proceeding under the Landlord and Tenant Act, *N. J. S. A.* 2:58–1, *et seq.*, is the same whether the tenant is being evicted by reason of the expiration of his term, or default in the payment of rent. In a case of a proceeding to evict a tenant for the non-payment of rent, where he desires to stop the proceedings by the payment of the rent claimed and costs, he is bound to pay, and the clerk of the court is bound to accept the rent claimed to be default by the *oath* filed with the clerk (*R. S.* 2:32–269; *N. J. S. A.* 2:32–269).

Irregularities contained in the endorsement or backing of the writ do not operate to defeat or impair the efficacy of the

writ because the endorsement is not part of the writ and is surplusage. The failure to strike out the words in question from the endorsement is an irregularity which is purely formal and defendants were not misled by it. (Paragraph 3 of the petition for removal.) The affidavit was annexed to the summons and served therewith, in accordance with the 1944 amendment to the District Court Act, *R. S.* 2:32–267; *N. J. S. A.* 2:32–267 (*Pamph. L.* 1944, *ch.* 184, *p.* 691, ¶ 1).

Further an examination of the notice of the motion filed in this cause will disclose that it was coupled with a motion to strike out the affidavit, or in other words, to strike out the whole proceeding. This is equivalent to a general appearance, the effect of which is to waive all objections to the jurisdiction of the court over the person of the defendants. *Bird* v. *Moth K-L Co.* (*Supreme Court*, 1923), 1 *N. J. Mis. R.* 251; *Tierney* v. *Tierney* (*Supreme Court*, 1926), 4 *Id.* 241 (at *p.* 243); 132 *Atl. Rep.* 486; *United States* v. *Griefen* (*Supreme Court*, 1905), 72 *N. J. L.* 1; 60 *Atl. Rep.* 513; *Davis* v. *Public Service Corp.* (*Supreme Court*, 1909), 77 *N. J. L.* 275; 72 *Atl. Rep.* 82; *Albert* v. *Clarendon Land Co.* (*Court of Chancery*, 1895), 53 *N. J. Eq.* 623; 23 *Atl. Rep.* 8.

*Second Ground*—The point is whether or not complainant made a proper demand for possession under the provisions of *R. S.* 2:58–17a and *R. S.* 2:32–265a; *N. J. S. A.* 2:58–17a and *N. J. S. A.* 2:32–265a. The first notice was dated February 20th, 1946, was served on February 20th, 1946, and read as follows:

"TAKE NOTICE that we hereby demand of you to deliver unto us, your landlord, the possession of the premises, being that certain hotel designated "TERMINAL HOTEL," 2108 Atlantic Avenue, Atlantic City, New Jersey, and the contents thereof as described in lease between us, dated March 13th, 1945, on March 14th, 1946, at twelve o'clock noon upon which hour and day your right of possession of said premises will expire."

The point is directed toward the second notice, dated March 14th, 1946, which was served March 14th, 1946, and which reads as follows:

"You are hereby notified to vacate and quit the premises rented to you by us, and now occupied by you, being that certain hotel designated "Terminal Hotel," located at No. 2108 Atlantic Avenue, Atlantic City, New Jersey, and to deliver possession thereof to us forthwith, your right to possession thereof having expired."

Jurisdiction to be acquired in a summary proceeding must result from strict compliance with procedure provided by the statute. *Perth Amboy Iron and Metal Co.* v. *Ellis (Supreme Court,* 1923), 1 *N. J. Mis. R.* 154. The verbiage of the first notice is not attacked. It suffices to give jurisdiction. Such compliance existed.

The second notice is not inconsistent with the first notice and is surplusage. It was not necessary to serve a second notice and demand after the termination of the tenancy, in order to give jurisdiction. *Levine* v. *Karkus (District Court,* 1942), 20 *N. J. Mis. R.* 389 (at *p.* 391) ; 28 *Atl. Rep. (2d)* 290; *Quidort* v. *Bullitt (Supreme Court,* 1897), 60 *N. J. L.* 119; 36 *Atl. Rep.* 881; *Mitchell* v. *Morris Canal and Banking Co. (Supreme Court,* 1864) ; 31 *N. J. L.* 99; *Wartman* v. *Richards (Supreme Court,* 1892), 54 *Id.* 525; 24 *Atl. Rep.* 576.

With respect to the form of the second notice, criticism is made of the failure of exactness of the second notice because the statutory word demand is not expressly incorporated therein. Notification to deliver possession forthwith is the equivalent of demand. However, it is hornbook admonition that where a statutory procedure is being followed, it is advisable to hew to the line and not attempt debatable authorship.