NICHOLAS KOWITSKI, PROSECUTOR, v. MILTON A. FELLER, JUDGE OF THE FIRST JUDICIAL DISTRICT COURT OF THE COUNTY OF UNION, DEFENDANT.

Argued August 11, 1947—Decided August 18, 1947.

For the application, *Weiner & Weiner* (*Harry J. Weiner*, of counsel).

Opposed, *Nathan Reibel*.

COLIE, J. This is an application for a writ of *certiorari* to review a judgment for possession in a landlord and tenant action. The premises in question are located at 340 Myrtle Street, Elizabeth, New Jersey, owned by Katherine Dziobak. The landlord obtained from the Office of Price Administration on March 19th, 1947, a certificate of necessity, authorizing the removal of the tenant, Nicholas Kowitski. The certificate authorized eviction for occupancy by the daughter of the landlord and the certificate further provided that no eviction should be commenced prior to June 1st, 1947. Notice of termination of the tenancy and requiring delivery of possession by the tenant to the landlord June 15th, 1947,

was duly served. On June 15th the tenant did not vacate the premises. Two days thereafter, on June 17th, dispossess proceedings were commenced in the Distirct Court, the summons being returnable June 24th. The defendant then demanded a trial by jury and the case was set down for June 27th but was, at the request of the tenant, adjourned to July 11th, on which date the cause was tried and resulted in a judgment for possession in favor of the landlord.

The Housing and Rent Act of 1947 was passed by Congress and went into effect on July 1st, 1947. That act, by section 209, paragraph A, provided "No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled." There is an exception where "the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations."

Prosecutor's argument is grounded on the proposition that the District Court had no jurisdiction, and that argument in turn is grounded upon the prohibition against the institution of an action or proceeding to recover possession as set forth in section 209, paragraph A, cited above, and it is said that the exception in sub-section 2 quoted above is inapplicable to the instant situation because the landlord does not seek possession for "his immediate and personal use and occupancy" but for the personal use and occupancy of the daughter of the landlord.

The argument of lack of jurisdiction is without merit and in this respect the present case is controlled by *Leachman* v. *Kile*, 133 *N. J. L.* 240; affirmed by the Court of Errors and Appeals, 133 *Id.* 612. In that case it was urged that the written demand for possession did not comply with the regulations of the OPA but as was said in that case, failure to comply with the regulations does not amount to a jurisdictional question, citing *Sbrolla* v. *Hess*, 133 *Id.* 71, in which

the present Chief Justice, writing for the Supreme Court, quoted from *Munday* v. *Vail,* 34 *Id.* 418 as follows: "Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials: First. The court must have cognizance of the class of cases to which the one to be adjudged belongs. Second. The proper parties must be present. And, third. The point decided must be, in substance and effect, within the issue." All three of the above mentioned essentials were present in this case, thereby conferring jurisdiction upon the District Court.

Since there is no question of jurisdiction involved, it is contrary to the statutes to permit the removal by *certiorari* or an appeal in a summary proceeding to dispossess a tenant. *R. S.* 2:32–273; *R. S.* 2:58–26. See *Van Vlaanderen Machine Co.* v. *Fox,* 95 *N. J. L.* 40; *Sbrolla* v. *Hess, supra,* and *Leachman* v. *Kite, supra.*

The application for a writ of *certiorari* is denied.