CREST DRUG STORE, INC., a corporation of New Jersey, complainant-respondent,

*v.*

MAX J. LEVINE and JULIUS LEVINE, defendants-appellants.

[Argued May 27th, 1948. Decided September 3d, 1948.]

*Mr. Lewis Winetsky,* for the defendants-appellants.

*Mr. Samuel H. Berlin* (*Mr. Charles Handler,* of counsel), for the complainant-respondent.

The opinion of the court was delivered by

FREUND, J.

This is an appeal by defendants from an interlocutory order of the Court of Chancery denying a motion to strike the bill

and restraining the prosecution of an action in dispossession in the District Court of the Fifth Judicial District of the County of Union. The grounds stated on the motion in the court below for striking the bill are that the bill of complaint discloses no cause of action and the complainant has an adequate remedy at law. The appellant argues the same grounds on this appeal.

The pertinent facts set forth in the bill of complaint shows that in July, 1945, Max J. Levine, one of the appellants, was the owner of lands in Linden, Union County, New Jersey, and while erecting a building thereon, entered into a written lease agreement with respondent for a store in the building then being erected, for a term of five years beginning October 1st, 1945, to be used pursuant to the second paragraph of the lease agreement, reading as follows:

"*Second*—The Tenant covenants and agrees to use the demised premises as a drug and pharmaceutical store and soda dispensary, and the sale of cigars and cigarettes, and other commodities incidental to the maintenance of a modern drug store, also a fountain Luncheonette and agrees not to use or permit the premises to be used for any other purpose without the prior written consent of the Landlord endorsed hereon."

The bill further alleges that respondent entered into possession of the demised premises in December, 1945, and installed fixtures and other equipment necessary to maintain and conduct its business. As part of its business it installed fixtures and racks for the sale of newspapers and magazines, and since its possession and continuously to the filing of the bill, it sold newspapers and magazines. In December, 1947, appellants, considering the sale of newspapers and magazines to be a violation of the lease agreement, served notice upon the respondent calling upon it to cease the sale of "newspapers, magazines and many other articles prohibited by your lease" and upon its failure to comply, served another notice terminating the tenancy. Thereafter, appellants as plaintiffs instituted against respondent as defendant an action in dispossession in the local District Court. Thereupon, the respondent filed its bill of complaint in this proceeding, in which, in addition to the foregoing allegations, it was alleged that

appellants knew and acquiesced in the sale of said newspapers and magazines, that they waived the provisions of the said lease and that, by reason of their conduct, appellants were estopped from asserting a violation of the lease. The bill prays that appellants be restrained from prosecuting the dispossess suit, for a decree declaring the notice of the termination of the lease agreement to be null and void and that the lease is in full force and effect.

Upon the filing of the bill, the learned Vice-Chancellor entered an order to show cause, with an *ad interim* restraint against the prosecution of the suit in dispossession. Appellants thereupon served notice of motion to strike the bill of complaint upon the grounds above mentioned. After hearing the argument of the respective parties, an order was advised denying the motion and restraining the prosecution of the law suit, from which order this appeal is taken. We have concluded that the learned Vice-Chancellor fell into error in advising the order aforesaid, because the issue involved presents a legal question within the jurisdiction of the District Court, where respondent is afforded an adequate opportunity of presenting its defenses.

The inherent jurisdiction of Chancery to relieve against forfeiture in a proper case is well established. *H. Windholz & Son* v. *Burke, 98 N. J. Eq. 471; Sparks* v. *Lorentowicz, 106 N. J. Eq. 178; Jador Service Co.* v. *Werbel, 140 N. J. Eq. 188.* But the Court of Chancery has no jurisdiction to enjoin summary proceedings by a landlord to dispossess a tenant where no equitable rights or equitable defenses are involved. *McGann* v. *Labrecque Co., Inc., 91 N. J. Eq. 307; Rankin* v. *Homestead Golf and Country Club, Inc., 135 N. J. Eq. 160; Westfield Airport, Inc.,* v. *Middlesex-Union Airport Co., Inc., 140 N. J. Eq. 263;* affirmed, *141 N. J. Eq. 365.* The District Court is a court of general jurisdiction, except as limited by statute, *Lutter* v. *Neubauer, 100 N. J. Law 17;* affirmed, *101 N. J. Law 222,* and has jurisdiction in proceedings between landlords and tenants, *R. S. 2:8–40.* The respondent, had it desired, might have applied to a Justice of the Supreme Court for transfer of the District Court action to the Circuit Court, under the provisions of *R. S. 2:58–27.*

The construction of the terms of a written lease agreement is a matter of law for the court. *Smalley* v. *Hendrickson, 29 N. J. Law 371; Galka* v. *Tide Water Associated Oil Co., 133 N. J. Eq. 137; Rankin* v. *Homestead Golf and Country Club, Inc., supra; Westfield Airport, Inc.,* v. *Middlesex-Union Airport Co., Inc., supra.*

In the instant case, in order to determine whether or not the respondent was permitted or precluded from selling newspapers and magazines in the demised premises, and hence whether there was or was not a violation of the lease, it was necessary to construe the pertinent provision of the lease, that the demised premises were to be used "as a drug and pharmaceutical store * * * and the sale of * * * *other commodities incidental to the maintenance of a modern drug store.*" (Italics ours.) This is a legal issue involving a question of law or a mixed question of law and fact.

What is a "modern drug store?" What are "other commodities incidental to the maintenance of a modern drug store?" These are questions properly and peculiarly for decision by a law court. Courts are not to shut their eyes to the realities of modern business life. *Barkin Construction Co.* v. *Goodman, 221 N. Y. 161.* Courts of this State have had occasion to consider "modern drug stores." In *Packard-Bamberger & Co.* v. *Board of Pharmacy, 134 N. J. Law 381;* affirmed, *135 N. J. Law 282,* Chancellor Oliphant, then Supreme Court Justice, said: "* * * but we further recognize that there has been a great change in that [pharmacy] business of the years * * *. Often the drug and prescription business of a pharmacy is in fact a separate department in a large establishment selling many other articles in numerous departments. * * * It is common knowledge, as well as disclosed by the record that many drug stores in this state are department stores to a greater or less degree." In *Aiello Bros.* v. *Saybrook Holding Corp., 106 N. J. Eq. 3,* the late Vice-Chancellor Backes observed that "Modern drug stores are no longer apothecary shops. Where compounding of drugs is not altogether abandoned the apothecary is but an incident, and it is common observation that the sale of drugs is negligible."

From the phraseology of the lease—"other commodities incidental to the maintenance of a modern drug store"—it might well be construed that the respondent could sell newspapers and magazines for it is a matter of common observation that commodities sold in a modern drug store are as varied and numerous as in a general store, from alarm clocks to liquor, from hairpins to greeting cards. The phraseology, "other commodities incidental to the maintenance of a modern drug store," is so comprehensive and broad in its scope that a law court might well construe the sale of newspapers and magazines not to be a violation of the lease. Or it might perhaps be construed from the evidence presented in a particular case that the sale of such commodities is not incidental to the maintenance of a modern drug store. Even in such an instance the respondent could in the law court assert the defenses of waiver and estoppel alleged in the bill of complaint, with the same force and effect as in Chancery. *LaRosa* v. *Nichols, 92 N. J. Law 375; North* v. *Jersey Knitting Mills, 98 N. J. Law 157; El Mora Super Service Station, Inc.,* v. *Byrnes, 117 N. J. Eq. 342.*

The learned Vice-Chancellor in his opinion in *Westfield Airport, Inc.,* v. *Middlesex-Union Airport Co., Inc., 140 N. J. Eq. 263,* which we adopted in *141 N. J. Eq. 365,* said "What the complainants seek is the construction by this court of clauses in the lease * * *. They present, however, no peculiarly equitable right which cannot be asserted in the pending ejectment action. Not one of the grounds commonly asserted for equitable intervention is here alleged. * * * Vice-Chancellor Berry pointed out (in *Rankin* v. *Homestead Golf and Country Club, Inc., supra*) that the only defense which the tenant asserted revolved around a construction of the clause in the lease referred to above. On this point he said: 'That question, however, is a legal one dependent upon the construction of the lease (*Smalley* v. *Hendrickson, 29 N. J. Law 371*) and one which the District Court is entirely competent to answer. The complainant, as defendant in the law action, may interpose that contention as a defense with the same force and effect as here and thus his remedy at law is complete.' "

The .respondent gave notice of application for an order requiring appellants to supplement the state of case, which we have received and considered.

The order under review will be reversed and the record remanded to the Court of Chancery to the end that a decree be entered striking the bill of complaint.

*For affirmance*—DONGES, WELLS, DILL, JJ.  3.

*For reversal*—THE CHIEF-JUSTICE, BODINE, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, FREUND, SCHETTINO, JJ.  10.