This is an appeal by the tenant from a judgment for possession rendered by the Hoboken District Court in a proceeding underR.S. 2:32-265 et seq. The first question presented is what matters can be considered on the appeal. Prior to September 15, 1948, it was entirely clear, from the express terms of the statute, that such a judgment for possession was not appealable and could not be reviewed on certiorari save on the ground that the District Court lacked jurisdiction in the particular case.R.S. 2:32-273. Fowler v. Rowe, 25 N.J.L. 549 (Sup. Ct.
1856); Montalvo v. Levinston, 94 N.J.L. 87 (Sup.Ct. 1919). The ban against a broader *Page 141 
review stood as an exception to section 204 of chapter 32 which, in general terms, allowed an appeal to the Supreme Court, "in any action or proceeding in any district court of this state." The dispossess proceeding in the District Court was unique in that the judgment was not conclusive; if the tenant was aggrieved by it, his remedy was an action against the landlord for damages.Van Vlaanderen Machine Co. v. Fox, 95 N.J.L. 40 (Sup.Ct.
1920).
Under our present Constitution, appeals to the Appellate Division do not lie from courts inferior to the county courts unless the appeal be given by act of the Legislature. ArticleVI, sec. V, 2. The District Court Act that was passed last summer, P.L. 1948, ch. 385, contains a provision that "in civil actions, appeals may be taken from final judgments or determinations of the District Courts to the Appellate Division of the Superior Court within the time and in the manner prescribed by the rules made and promulgated by the Supreme Court." And also that "the review of any judgment or determination of the District Court, which would formerly have been had by certiorari, may be obtained by appeal to the Appellate Division." The same statute expressly repeals section 204 and most of the other sections of chapter 32 related to the review of District Court judgments by appeal or certiorari, but it does not expressly repeal section 273 which is the section forbidding appeals in landlord and tenant cases.
In our opinion, chapter 385 of the Laws of 1948 does not, by implication, repeal section 273. Implied repealers are not favored. Borgquist v. Ferris, 112 N.J. Eq. 557 (Berry,V.C., 1933); Modern Industrial Bank v. Taub, 134 N.J.L. 260(E. A. 1946). The express repealer of certain sections of chapter 32, is, in itself, an indication that the Legislature intended no implied repealer of other sections of the chapter. The words giving an appeal, which are contained in the 1948 statute, are no more inclusive than those used in section 204 of chapter 32, one of the sections repealed, and like section 204 should be construed to be subject to the exception relating to landlord and tenant cases. The general purpose of *Page 142 
the 1948 provisions relating to appeals was to point out the tribunal to which the appeal should run, namely, the Appellate Division instead of the old Supreme Court and to substitute for the old practice on appeal the procedure prescribed by rules of the new Supreme Court. We are satisfied that the review of the judgment of the District Court in a dispossess proceeding is no broader than it was before the enactment of P.L. 1948, ch.385. But where the question of jurisdiction was formerly raised by certiorari, it is now raised on appeal, and the appeal is limited to the single subject of jurisdiction.
Mr. Cebulah, the tenant, relied in the District Court on the Federal Housing and Rent Control Act which prohibits a landlord from maintaining an action to recover possession of controlled housing accommodations except in certain cases. The landlord asserted that he came within the exception which allows an action by a landlord who "seeks in good faith to recover possession of such housing accommodations for the immediate purpose of withdrawing such housing accommodations from the rental market." The tenant attacked the good faith of the landlord and thus presented the issue which was litigated in the District Court. This issue and the whole proceeding was clearly within the jurisdiction of the District Court. Kowitski v. Feller,136 N.J.L. 74 (Colie, J., 1947).
 The judgment will be affirmed. *Page 143