6 N.J. Super. 369 (1950)
71 A.2d 545
ASSOCIATED REALTIES CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MILLION DOLLAR PIER OPERATING COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1950.
Decided February 14, 1950.
*370 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. William Charlton argued the cause for appellant.
Mr. James N. Butler argued the cause for respondent (Messrs. Moore, Butler & McGee, attorneys).
The opinion of the court was delivered by COLIE, J.A.D.
The defendant appeals from a judgment entered in the Atlantic County District Court awarding possession of the premises to the plaintiff in a proceeding under R.S. 2:32-265 (c) et seq. On such an appeal the appellate court will consider only the question of whether the District Court had jurisdiction. Opalach v. Cebulah, 2 N.J. Super. 139 (App. Div. 1949). The appellant argues that the court lacked jurisdiction because the dispossess action was predicated upon an illegal lease. The illegality resulted, it is argued, because the lease violated R.S. 2:207-1, commonly known as the "Sunday law," in that it called for performance of its terms on Sundays.
The lease, executed on February 25, 1949, contained a clause whereby the tenant agreed to operate the premises as an amusement pier from May 30th of each year to September 15th, keeping open to the public seven days a week. By a *371 further clause the tenant agreed to furnish the landlord a statement of gross receipts on Monday of each week, which statement was to include receipts from "the preceding day," i.e., Sunday. There was testimony of the operation of the amusement pier on Sundays.
The court below found that the lease did not violate R.S. 2:207-1 because the tenant had also agreed to "observe and fully comply with all laws, ordinances, rules and regulations of the City of Atlantic City, State of New Jersey and United States of America * * *."
The lease was not made on a Sunday. While some provisions of the lease may have contemplated performance on a Sunday, the restriction against the tenant violating any laws of the State would have permitted the tenant to ignore such provisions as called for Sunday performance, without such failure amounting to a breach of the lease. When one interpretation would render it legal, another interpretation illegal, the court will adopt the former. Kelly v. Guarantee Trust Co., 114 N.J. Eq. 110 (E. & A. 1933).
The judgment is affirmed.