15 N.J. Super. 241 (1951)
83 A.2d 306
MARY TURTUR, BY MARIO TURTUR, AGENT, PLAINTIFF-RESPONDENT,
v.
JACOB J. SCHWARZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 13, 1951.
Decided September 5, 1951.
*242 Before Judges JACOBS, PROCTOR and WAESCHE.
Mr. Henry W. Decker argued the cause for the appellant (Mr. William V. Heim, attorney).
Mr. Mario Turtur argued the cause for the respondent.
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from the denial of the defendant's application to quash the summons and dismiss the plaintiff's dispossess action in the Union County District Court.
*243 In 1949 Michael Sako and Muriel K. Sako, his wife, as landlords, and the defendant Jacob J. Schwarz, as tenant, executed a written lease. In May, 1950, the leased premises were conveyed to plaintiff Mary Turtur who thereafter received monthly rental payments from the defendant. In August, 1950, the plaintiff sent a letter to the defendant advising that his conduct of a butcher shop at the leased premises was unobjectionable but that his proposed additional use thereof as a fruit and vegetable market would be a breach of the terms of the lease and would result in legal action. In September, 1950, the defendant permitted the display and sale of fruits and vegetables at the leased premises and under date of September 18, 1950, the plaintiff addressed a notice to the defendant to the effect that he had breached a covenant in the lease by using the premises for business purposes other than a butcher shop. Demand was made therein that the defendant remove from the premises within three days from service of the notice. This demand was refused and thereafter the plaintiff instituted her dispossess action in the Union County District Court.
The plaintiff's affidavit set forth the foregoing facts and had attached thereto a copy of the lease which provided that it would be lawful for the landlord to enter the premises and remove the tenant in the event of default in any of its covenants. The sole reference in the lease to the use of the premises is contained in the paragraph which provides that the defendant has rented the entire store located on West Second Avenue, Roselle, "which the said Jacob J. Schwarz now occupies and conducts a butcher shop known as Schwarz's Market." After the service of the summons in the plaintiff's dispossess action the parties, through their attorneys, entered into a written stipulation in which the defendant admitted the material facts alleged in the affidavit but denied that there was a breach of covenant and asserted that "the lease which has been marked in evidence as P-1 is to be interpreted by the Court." Thereafter the defendant moved to quash the summons and dismiss the action on the ground that the court *244 lacked jurisdiction. This motion was denied on the ground that jurisdiction was not lacking and the court reserved decision, pending the introduction of oral testimony, on the meritorious issue as to whether the language in the lease constituted a covenant limiting the use of the premises which was breached by the display and sale of the fruits and vegetables. The defendant filed notice of appeal from this interlocutory determination contending that it was appealable under Rule 4:2-2(3) which relates to orders "determining that the court has jurisdiction over the subject matter or the person."
It seems clear that the defendant has waived any right he may have had to attack the summons for alleged defect therein; the stipulation filed by the parties in the cause constituted a general appearance prior to any suggested attack on the summons and effectively vested jurisdiction in the court over the person of the defendant. Terminal Co. v. Stoicos, 24 N.J. Misc. 127, 131 (Cir. Ct. 1946). The sole remaining issue presented by the defendant to the District Court was whether it lacked jurisdiction over the subject matter. In its widely accepted sense, jurisdiction over the subject matter is the power to hear and determine cases of the general class to which the particular case presented belongs. See State v. Smith, 6 N.J. Super. 85, 88 (App. Div. 1949). See also Atanasio v. Silverman, 7 N.J. 278, 281 (1951); Petersen v. Falzarano, 6 N.J. 447, 453 (1951); Kowitski v. Feller, 136 N.J.L. 74, 75 (Sup. Ct. 1947). Jurisdiction has been said to be "authority to decide the case either way" (Holmes, J., in The Fair v. Kohler Die & Specialty Company, 228 U.S. 23, 57 L.Ed. 716 (1913)) and may be present though the plaintiff's complaint discloses that judgment on the merits should go against him. Epstein v. Bendersky, 130 N.J. Eq. 180, 185 (Ch. 1941); The Fair v. Kohler Die & Specialty Company, supra. In the instant matter the plaintiff's moving papers in fair effect asserted that the lease, under the construction advanced in good faith by the plaintiff, contained a covenant against the additional use of the leased *245 premises as a fruit and vegetable market together with a right of re-entry in the event of its breach, and that after the proper statutory demand she was entitled to summary possession because of the defendant's conduct. See R.S. 2:58-17 (c); R.S. 2:32-265 (c). In the stipulation the defendant denied that there was a breach of covenant and asserted that the interpretation of the lease was for the court. Similarly, the defendant's motion for dismissal was grounded upon the contention that the lease did not embody a covenant restricting the use of the premises to that of butcher shop. The resulting issue as to whether the pertinent language of the lease amounted to a covenant restricting the use of the premises, as asserted by the plaintiff and denied by the defendant, was under applicable principles recently expressed in Crest Drug Store, Inc., v. Levine, 142 N.J. Eq. 652 (E. & A. 1948), well within the jurisdiction of the district court to construe the lease.
In light of the foregoing we consider that the defendant's application for dismissal because of lack of jurisdiction was not well taken and that his appeal from the adverse interlocutory determination below may be dismissed. Petersen v. Falzarano, supra; Behrman v. Egan, 9 N.J. Super. 171 (App. Div. 1950). However, just determination of the ultimate meritorious issue, which has been fully presented in the course of the appeal, will and ought be expedited by expression of our views thereon. Cf. Eilen v. Tappin's, Inc., 14 N.J. Super. 162 (App. Div. 1951). We are satisfied that, properly construed, the lease contains no covenant restricting the use of the premises. The language upon which the plaintiff relies is appropriately descriptive of the leased premises as the store located on West Second Avenue, Roselle, and then occupied by the defendant as a butcher shop; it omits restrictive terminology which generally will not be supplied by the courts. Posner v. Air Brakes & Equipment Corp., 2 N.J. Super. 187, 192 (Ch. 1948). The written lease is a formal one, complete and unambiguous on its face; it contains nothing whatever which would support the suggestion *246 that parol evidence is necessary or admissible to explain its meaning. Hoffman v. Seidman, 101 N.J.L. 106, 109 (E. & A. 1925).
The appeal is dismissed and the cause is remanded to the Union County District Court for further proceedings in conformity with this opinion.