**BOBIK, Plaintiff-Appellee v. INDUSTRIAL COMMISSION, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19885.   Decided May 14, 1945.

M. H. Shapiro, Cleveland, for plaintiff-appellee.

Hugh S. Jenkins, Atty. Gen., Columbus, Clifford H. Bernard. Asst. Atty. Gen., Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

The Aztec Lines Inc., is a common carrier operating trucks between Chicago and Cleveland, Ohio.

Early in January, 1941, Aztec Lines Inc., entered into an "equipment agreement" with one Tom Muni, the owner of a tractor-trailer, by which Muni furnished his equipment and facilities to Aztec Lines Inc., for use in its service as an Interstate Common Carrier. The agreement provided that Aztec Lines Inc., should pay Muni "for furnishing equipment, facilities and operators thereof $40.00 per trip, plus twenty cents for each one hundred pounds over 20,000 pounds."

John Bobik, the plaintiff herein, was the driver and was paid by Muni in cash by way of salary, "$18.00 per trip plus bonus for overweight."

On February 9, 1941, the plaintiff while driving the equipment from Chicago to Cleveland under the said agreement, struck a box car and sustained serious injuries for which he filed a claim for compensation.

The Industrial Commission on rehearing denied the claim for the reason that "proof of record fails to establish that the claimant was an employee of the employer named herein, i.e., Aztec Lines Inc., within the meaning of the Workmen's Compensation Act."

On appeal the common pleas court reversed the Industrial Commission and made a finding that plaintiff was entitled

134

to participate in the State Insurance Fund from which judgment the Industrial Commission has filed its appeal in this Court.

We agree with the following statement in the brief filed on behalf of the Industrial Commission of Ohio:

"The sole question raised in this appeal is whether or not John Bobik at the time of his injury on February 9, 1941, was an employee of Aztec Lines Inc."

The alternative to this would be that Muni was an independent contractor and that Bobik was his employee.

In determining this question, the test is who retained "the right of control over the work?" (**Industrial Commission of Ohio v Laird, 126 Oh. St. 617**) or, as stated in the second syllabus in **Gillum v Industrial Commission of Ohio, 141 Oh. St. 373:**

"The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work the relation created is that of master and servant, while, if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created."

Muni "paid for the gas and oil used on all trips" and also "for all maintenance and repair."

Aztec Lines Inc., directed and controlled Bobik in the performance of his work. At each terminus Aztec Lines Inc., furnished the load for the succeeding trip or directed Bobik where and how to obtain it. Bobik testfied that Aztec Lines Inc., directed him as to what route he should follow to reach his destination.

The truck and trailer carried the insignia "Aztec Lines Inc" and the truck was operated under the permit granted to Aztec Lines Inc., as an interstate carrier.

There is no evidence in the record that Muni exercised any control over Bobik in the performance of his work.

There is another fact, however, which seems to us to be decisive. The agreement between Aztec Lines Inc., and Muni provided that it was made "subject to the duty to the party of the first part (Aztec Lines Inc) to conform to and comply with all present and future proper and lawful orders, rules and regulations of the Interstate Commerce Commission * * * * * * *."

The Bureau of Motor Carriers within the Interstate Com-

merce Commission made the following administrative ruling on August 19, 1936 (Ruling No. 4):

"Question: Under what circumstances may a carrier add to its equipment by leasing a vehicle and obtaining the service of its owner-driver?

Answer: The lease or other arrangement by which the equipment of an authorized operator is augmented, must be of such a character that the possession and control of the vehicle is, for the period of the lease entirely vested in the authorized operator in such way as to be good against all the world, including the lessor; that the operation thereof must be conducted under the supervision and control of such carrier; and that the vehicle must be operated by persons who are employees of the authorized operator, that is to say who stand in the relation of servant to him as master. (see administrative ruling Federal Carriers Service CCH, page 6051, paragraph 6004 and annotation to Section 208-a page 229-01, Federal Carriers Service CCH.)"

The above administrative ruling was quoted and relied on in **Firestone v Industrial Commission, 144 Oh. St. 398.**

The fact that by the agreement between the parties the carrier did not obtain the service of an owner-driver but rather of a driver designated by the owner, clearly does not alter the applicability of the above administrative ruling.

Counsel for the Industrial Commission contends that this court cannot take judicial notice of such order. This position is directly contrary to the statement in **Firestone v Industrial Commission, (supra) page 401,** where the Supreme Court, in considering the same administrative ruling (Ruling No. 4) said:

"This court will take judicial notice of such administrative order."

The Industrial Commission contends in its brief that the Bureau of Motor Carriers is not authorized to make rules and that this authority is limited to the Interstate Commerce Commission itself.

Even if this be true, it is our opinion that the order of the Bureau of Motor Carriers will be presumed to have been issued with the approval of the Interstate Commerce Commission, unless the contrary appears.

This evidently was the opinion of the Supreme Court in

**Firestone v Industrial Commission (supra).**

Inasmuch as said Ruling No. 4, provides that when a carrier adds to its equipment as in this case "the vehicle must be operated by persons who are employees of the authorized operator, that is to say, who stand in the relation of servant to him as master" and inasmuch as the contract between Aztec Lines Inc., and Muni provided that the equipment should be operated in accordance with the rulings of the Interstate Commerce Commission, it follows that the relation between Aztec Lines Inc., and Bobik in this case was that of master and servant and therefore the judgment of the trial court in favor of the claimant is affirmed.

SKEEL, P. J., concurs.
LIEGHLEY, J., dissents.