FRANCES MAZZI, IN HER OWN RIGHT, AND PEGGE DIANE MATUSHAK, BY AGNES MATUSHAK, HER MOTHER AS NEXT FRIEND AND GUARDIAN AD LITEM, PLAINTIFFS-APPELLANTS, v. GUS STEIN, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 27, 1950—Decided December 8, 1950.

Before Judges FREUND, PROCTOR and ROGERS..

*Mr. August C. Michaelis* argued the cause for the appellant.

*Mr. James B. Emory* argued the cause for the respondent (*Messrs. Markley & Broadhurst,* attorneys).

The opinion of the court was delivered by

PROCTOR, J. A. D. Plaintiff, Frances Mazzi, appeals from an adverse judgment entered as a result of a jury verdict in the Passaic County Court, Law Division. She instituted suit against defendant to recover damages for personal injuries suffered by her, while pushing her granddaughter, Pegge Diane Matushak, in a baby carriage across Third Street, in

the City of Passaic. She was struck by an automobile, owned and operated by defendant, who was making a left turn from Monroe Street into Third Street. The infant, Pegge Diane Matushak, by her guardian *ad litem,* also sued to recover damages for personal injuries sustained, and her mother, Agnes Matushak, sought damages for the medical bill and the breaking of the baby carriage. The jury returned a ten to two verdict against plaintiff, Frances Mazzi, and a unanimous verdict in favor of the infant plaintiff and her mother.

Plaintiff, Frances Mazzi, advances as the sole ground for reversal of the judgment against her that the verdict is contrary to the weight of the evidence.

The verdict in favor of the infant and her mother established that the jury found defendant was negligent. However, our review of the record satisfies us that there was also sufficient evidence of contributory negligence on the part of plaintiff, Frances Mazzi, to support the verdict against her; that the verdict was not the result of mistake, partiality, passion or prejudice. Therefore, the verdict of the jury should not be disturbed. *Nusser v. United Parcel Service of N. Y., Inc.,* 3 *N. J. Super.* 64 (*App. Div.* 1949).

Plaintiff points out that contributory negligence was not pleaded in the answer filed by defendant. However, the pretrial order, signed by plaintiff's attorney, provides, as one of the issues, "b. sole negligence on the part of the plaintiff." Though the order might have been phrased in a different manner, it is apparent it signified to plaintiff that her own conduct would be in issue at the trial. *Rule* 3:16; *Dragan v. Grossman,* 116 *N. J. L.* 182 (*Sup. Ct.* 1936); affirmed, 117 *N. J. L.* 147 (*E. & A.* 1936). Plaintiff's attorney must have so construed the above provision of the pretrial order, for the court charged the jury as to plaintiff's contributory negligence, and plaintiff's attorney announced he had no objection to the charge. *Rule* 3:51; *Stephens v. Public Service Coordinated Transport, etc.,* 5 *N. J. Super.* 128 (*App. Div.* 1949).

Judgment affirmed, with costs.