17 N.J. Super. 17 (1951)
85 A.2d 303
ANNA HAHN, PLAINTIFF-RESPONDENT,
v.
MICHAEL HAHN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 17, 1951.
Decided December 27, 1951.
*18 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. John T. Keefe argued the cause for appellant.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
On July 12, 1949, the wife filed her complaint seeking an absolute divorce on the ground of extreme cruelty. All the acts of cruelty relied on to establish the cause of action were alleged to have occurred in December, 1948, and in prior years  all more than six months prior to the filing of the complaint. Cf. R.S. 2:50-2, as amended L. 1948, c. 320, § 2. The complaint also contained allegations of acts of cruelty within the six-month period, namely, on June 15, 1949, and July 1, 1949, "not as constituting in whole or in part the cause of action set forth herein, but as relating back to qualify and characterize the acts constituting said action of divorce." Cf. Soos v. Soos, 14 N.J. Misc. 381 (Ch. 1936).
At the conclusion of the case, the plaintiff's attorney expressed his doubt as to whether the proofs would support an absolute divorce on the ground of cruelty and moved to amend the complaint by adding a paragraph charging that, by reason of the premises, the defendant did, on or about the first day of July, 1949, abandon plaintiff and refuse and neglect to maintain and provide for her, and continued to do so, and further to amend, by adding a paragraph demanding judgment for separate maintenance. The defendant objected to the granting of the motion for the amendment of the complaint and asked for leave to offer further proof in case the amendment should be granted. Both the motions were taken under advisement. The trial court, in a letter opinion, stated that the proofs did not justify a judgment for absolute divorce on the ground of cruelty, but that the proofs of the incidents occurring on and after Memorial Day, 1949, were sufficient to establish the cause of action for separate maintenance. On April 20, 1951, the court entered an order *19 granting the plaintiff's motion to amend the complaint, and on the same day entered a judgment for the wife in the cause of action for separate maintenance.
The court is authorized to permit an amendment of the complaint to change the action from one for absolute divorce to one for separate maintenance. Rule 3:84-4. However, the power to amend may not be exercised, over objection, in a manner which will prejudice another party in maintaining his action or defense upon the merits. When an amendment is sought on the day of trial, and the objecting party may be surprised by the amendment, the court must grant such continuance and opportunity as are reasonably required to enable the objecting party to meet the amendment. Cf. Rule 3:15-2.
In a suit for absolute divorce on the ground of extreme cruelty, the defendant is called upon to meet the proofs as to acts of cruelty occurring more than six months prior to the date of filing the complaint. R.S. 2:50-2. No act of cruelty alleged to have occurred within the six-month period can either constitute by itself, or in conjunction with earlier acts, the cause of action sued upon. Soos v. Soos, above. But a wife in her action for separate maintenance may rely on acts of cruelty committed any time before the alleged abandonment, to support her cause of action. Zehrer v. Zehrer, 5 N.J. 53 (1950).
The granting of the amendment enabled the plaintiff to rely on the alleged acts of cruelty occurring on June 15, 1949, and July 1, 1949, as support for her cause of action for separate maintenance, and it then, for the first time, became essential for the defendant to put in his evidence as to these alleged acts. It is clear that the defendant was at least entitled to a continuance and an opportunity to put in his further proof.
We conclude that the judgment must be reversed and the cause reopened to give the defendant his day in court.