SUSANNA ELIZABETH TRAUTMAN, PLAINTIFF-RESPOND-
ENT, v. GREY HIGBIE, PAUL H. SCHAEFFER, AND
JOHN TRENOSKIE, DEFENDANTS, AND FRANK E.
MICKEY, DEFENDANT-APPELLANT.

Argued May 26, 1952—Decided June 26, 1952.

*Mr. Frank Fink* argued the cause for the appellant (*Mr. Albert M. Neiss*, attorney).

*Mr. Joseph A. Porter* argued the cause for the respondent (*Messrs. Whittemore, Porter & Pollis*, attorneys).

The opinion of the court was delivered by

OLIPHANT, J. The defendant-appellant Frank E. Mickey was a holder of an Interstate Commerce Commission license and permit for the operation of a motor vehicle in interstate commerce. He entered into a lease agreement with the defendant Schaeffer so that he, Schaeffer, might operate his tractor-trailer in interstate commerce under Mickey's permit. Both Mickey and Schaeffer were residents of the State of Pennsylvania. On February 17, 1951, the defendant Trenoskie was operating Schaeffer's tractor-trailer in Madison, New Jersey, when it collided with the automobile owned by the defendant Higbie and in which plaintiff was riding, allegedly as a passenger. As a result of the collision plaintiff says she suffered serious injuries and she brought an action in the Superior Court in Morris County to recover therefor against Higbie, Schaeffer and Trenoskie. The complaint was later amended to join Mickey as a party-defendant on discovery that the permit under which the tractor-trailer was operating belonged to him. Service of process was made upon Mickey through the Director of the Division of Motor Vehicles. The fourth count of the amended complaint alleges *inter alia* that Mickey, by virtue of the lease agreement entered into with Schaeffer which enabled the truck to be operated in interstate commerce, was responsible for the wrongful acts of Trenoskie which caused plaintiff's injuries.

On October 17, 1951, plaintiff's attorney was served with a notice of motion for summary judgment on behalf of the defendant Mickey on the ground that no genuine issue as to any material fact was presented and that the defendant was entitled to a summary judgment as a matter of law. *Rules* 3:56–2 and 3. This notice was filed on October 22, 1951, but argument thereon was adjourned from time to time. On November 23, 1951, plaintiff's attorney was served with another notice for summary judgment on behalf of Mickey on the ground that the Superior Court lacked jurisdiction in the case because service upon him was not properly obtained or duly served. This latter motion was

filed November 15, 1951, and both motions came on before the Superior Court, Law Division, for hearing on November 30, 1951. The first motion for summary judgment was denied by an order dated December 17, 1951, and filed December 27 of that year. The second motion was also denied by an order dated December 21, and filed on December 28, 1951.

The defendant applied to the Appellate Division for leave to appeal from the interlocutory orders entered, *Rule* 4:2–2(*b*), and an order granting such leave was made. Before argument in that court we certified the case on our own motion.

█ Appellant first argues that the process attempted to be served under the provisions of *R. S.* 39:7–2(*b*) was ineffective to confer jurisdiction upon the Superior Court. This statute makes provision for the service of process upon the Director of the Division of Motor Vehicles when any person "who by his, their or its agent or servant, shall cause (to) be driven upon any public highway of this State, any motor vehicle which is not registered in this State * * *" or "shall, by the operation of such motor vehicle, or by causing the same to be operated, within this State, make and constitute the Director of the Division of Motor Vehicles * * * his or their or its agent for the acceptance of process in any civil action or proceeding * * *." It is contended that since Schaeffer, the owner of the truck, was not his agent but merely operating the truck under his I. C. C. permit, the relationship of master and servant did not permit a service of process on the Director of the Division of Motor Vehicles which would be binding upon him. The contention is without merit.

█ There is no question here regarding the jurisdiction of the court below over the subject matter of this cause of action and jurisdiction over the person of Mickey, without considering the provisions of the statute, *R. S.* 39:7–2(*b*), was acquired by his consent thereto and his waiver of any objections regarding the manner in which it was acquired.

He appeared in the cause and made a motion for summary judgment. This constituted a general appearance and effected jurisdiction over the person. *Turtur v. Schwarz,* 15 *N. J. Super.* 241 (*App. Div.* 1951) ; *Terminal Co. v. Stoicos,* 24 *N. J. Mis. R.* 127 (*Cir. Ct.* 1946). In the latter case Justice Burling, while a judge of the Circuit Court, held that where a notice of motion to dismiss for lack of jurisdiction was coupled with a motion to strike out the affidavits filed, or in other words to strike out the whole proceeding, that such a motion was equivalent to a general appearance, the effect of which was to waive all objections to the jurisdiction of the court over the person of the defendant. *Rule* 3 :4–6 provides that a general appearance shall have the same effect as if the defendant had been served by the sheriff.

■ It must be borne in mind that in this case Mickey made his motion for summary judgment first and later made his motion attacking the jurisdiction of the court. This time sequence was fatal to him; his motion as to faulty service upon him came too late. *Rule* 3 :12–2 while abolishing special appearances, provides that the defense of lack of jurisdiction over the person, if made by motion, must be made prior to pleading if a further pleading is to be made, but it does not provide that it shall be made before the making of any other motion. When this *Rule,* 3 :12–2, is read in conjunction with *Rule* 3 :4–6, it is clear that a motion made to the jurisdiction must be made before taking any step in the cause which constitutes a general appearance such as here the motion made for summary judgment.

Our determination of the jurisdictional question effectively disposes of this appeal, but as the cause will have to proceed to trial we deem it advisable to decide the other point made for the future guidance of the trial court.

■ The defendant says that if the court had jurisdiction he was nevertheless entitled to a summary judgment because the lease arrangement between Schaeffer and himself providing for the use of his I. C. C. permit and license could have created no more than the relationship of independent

contractor between them and that, therefore, any negligence of Schaeffer's driver could not be imputed to him. Again, this contention is without merit. The sole reliance of the defendant is on the case of *Venuto v. Robinson,* 118 *Fed.* 2d 679, 682 (*C. C. A.* 3, 1941), *certiorari* denied *C. A. Ross, Agent, Inc., v. Venuta,* 314 *U. S.* 627, 62 *Sup. Ct.* 58, 86 *L. Ed.* 504, but he can obtain little comfort therefrom. It was there found that the relationship of employer and independent contractor existed but it was held that the holder of the I. C. C. permit was liable nonetheless. The court said:

"But the determination that Robinson was an independent contractor does not settle the merits of this litigation. There are many situations in the law where an employer of an independent contractor is liable for the results of negligence of the contractor in the carrying out of the undertaking for which he is employed. Among these situations is that where the work to be done may not lawfully be carried on except under a franchise to the contractor's employer."

We subscribe to the rule as laid down by the majority of the cases, particularly those in the federal courts, that where one operates a vehicle under a governmental franchise in the field controlled thereby he assumes liability for the acts done by others to whom he grants permission to use that franchise. *Kemp v. Creston Transfer Co.,* 70 *F. Supp.* 521 (1947); *D. C. Iowa, E. D. Hodges v. Johnson,* 52 *F. Supp.* 488 (*D. Ct. Va., W. D.* 1943); *War Emergency Co-op. Ass'n. v. Widenhouse,* 169 *F.* 2d 403 (1948), *cert.* den. 335 *U. S.* 898, 69 *S. Ct.* 300, 93 *L. Ed.* 433; *Bobik v. Industrial Commission,* 61 *N. E.* 2d 906 (*Ohio App.* 1945), affirmed 146 *Ohio St.* 187, 64 *N. E.* 2d 829 (*Sup. Ct.* 1946). See *Martz Coach Co., Inc., v. Hudson Bus Transportation Co., Inc.,* 23 *N. J. Mis. R.* 342 (*Sup. Ct.* 1945). In the *Restatement of Torts, sec.* 428, we find

"An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others,

is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity."

The applicable federal legislation is found in 49 *U. S. C. A.,* *secs.* 309, 312, 315 and 320. Section 315 entitled "Security for protection of public" leaves no doubt in our minds as to the liability of an I. C. C. certificate holder for injuries or damages resulting from the negligent operation of a motor vehicle under such certificate. It provides:

"No certificate or permit shall be issued to a motor carrier or remain in force, unless such carrier complies with such reasonable rules and regulations as the Commission shall prescribe governing the filing and approval of surety bonds, policies of insurance, qualifications as a self-insurer or other securities or agreements, in such reasonable amount as the Commission may require, conditioned to pay, within the amount of such surety bonds, policies of insurance, qualifications as a self-insurer or other securities or agreements, any *final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others.* \* \* \* (Italics supplied.)

The orders appealed from are affirmed.

HEHER, J., concurring in result.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.