## LOUISE FIORINO, PLAINTIFF, v. WILLIAM FIORINO, DEFENDANT.

Juvenile and Domestic Relations Court
Bergen County

Decided April 6, 1955.

*Mr. Morris Dobrin* for the plaintiff Louise Fiorino.

*Mr. David Cohn* for the defendant William Fiorino.

MARTIN J. KOLE, J. J. and D. R. C.   The complaint in this cause was filed on August 2, 1954, seeking support of the two minor children of the marriage of plaintiff and defendant under *N. J. S.* 2A:4–1 to 2A:4–41.   At the time of filing both plaintiff and defendant were residents of Bergen County. The circumstances occasioning the complaint were alleged to have occurred, and the matrimonial domicile was alleged to have been in Bergen County, and the proofs at the trial showed that such was the case.

Although the summons was issued on August 2, 1954, service of the summons and complaint was not effected on defendant until February 1, 1955, at which time both plaintiff and defendant were residents of Passaic County.

On February 4, 1955 defendant appeared with his then attorney. He then made no objection to the jurisdiction of the court over his person, or to the fact that he had not been served, or to the fact that the court did not have venue of the cause. At that hearing plaintiff moved to amend the complaint so as to seek, in addition, support for herself under the same statutory provisions. Defendant objected to the amendment, claiming surprise and that the court was without jurisdiction to amend since both parties were then residents of Passaic County. The court then held that it had jurisdiction to amend the complaint, since there was jurisdiction of the subject matter, and particularly since it had both jurisdiction of the subject matter and had venue over the original cause at the time of the filing of the complaint. It agreed, however, that defendant was entitled to a reasonable time to prepare to meet the amended complaint and, accordingly, adjourned the hearing until February 18, 1955. *Cf. Hahn v. Hahn*, 17 *N. J. Super.* 17 (*App. Div.* 1951).

On February 18, 1955, at the adjourned hearing, defendant appeared with his counsel. He again made no objection to lack of jurisdiction over his person, nor to lack of venue in the court. He contested the merits of the complaint. A full hearing was held on the merits, in which he fully participated, cross-examining plaintiff and her witnesses and presenting his full defense. After the hearing the court held that defendant was guilty of constructive desertion by reason of his extreme cruelty which justified plaintiff's leaving him. It requested defendant to recommend the amount of support to be paid for his wife; defendant's counsel, after consulting with defendant, suggested $25 per week. Since that suggestion accorded with the court's view of what the wife should receive, on the basis of the proofs adduced, the court entered an order on February 18, 1955, requiring defendant to pay $25 per week for the support of his wife, $15 per week for the support of the younger child, and $5 per week for the support of the oldest child—or a total of $45 per week.

On February 23, 1955, through new counsel, defendant applied for the present order to vacate the order of February

18, 1955 on the sole ground of lack of jurisdiction of the subject matter and person of defendant at the time of the entry of the order, because both parties were then and at the time of service of process, residents of Passaic County.

The application is denied for the following reasons:

1. This court had jurisdiction of the subject matter when the original complaint was filed, when process was served, when the amendment to the complaint was made, and when the order of support was entered.

Jurisdiction of subject matter is determined as of the time of filing of the complaint, which institutes the proceedings and not as of the time of service of process or the time of hearing. *R. R.* 6:3-2. Compare *R. R.* 4:3-1, 6:3-1(*a*).

In any event, even at the time of service of process, and at all times thereafter, this court had jurisdiction over the subject matter.

The governing statute (*N. J. S.* 2*A*:4-1 to 2*A*:4-41) contains no county-wide territorial limitation on the jurisdiction of this court over the subject matter covered thereby. This court had jurisdiction over the subject matter under the statute irrespective of the residence of the parties. It must, of course, also have venue of the action under the rules of court and must obtain jurisdiction over the person of the defendant.

Defendant relies on the provisions of *N. J. S.* 2*A*:100-8 as depriving this court of jurisdiction over the subject matter. The short answer to this contention is that that statute is not the one involved in this case but is the criminal desertion statute which has no applicability here. Moreover, it is doubtful whether the interpretation sought to be placed on that statute by defendant is correct—namely, that once the court acquires jurisdiction it can be deprived of it because of change, after filing of the complaint, in the residence of the deserted party. Additionally, even that statute appears to be a venue provision, which can be waived, rather than one involving jurisdiction of subject matter. *State v. Savastini*, 14 *N. J.* 507, 515, 520 (1954).

■ Defendant also seeks comfort by analogy to the various legal settlement provisions of the statutes for the relief of the poor. But they have no applicability whatsoever to the question of jurisdiction of this court in a case of this kind.

■ Defendant is obviously confusing jurisdiction of subject matter with venue, the latter being governed by the court rules. *R. R.* 6:3–1(*a*). That rule provides that this court has venue of an action, if the circumstances occasioning the complaint occurred, or the plaintiff or defendant, *at the time of filing of the complaint,* resided, in Bergen County. All of these criteria of venue have been met in the instant case. Even at the time of the amendment of the complaint this court had venue of the amended cause of action since the circumstances occasioning the amended complaint occurred in this county. In any event, having acquired venue of the original claim for relief, the court is not deprived of such venue merely because the complaint is amended to incorporate an additional claim over which this court might not have had venue if the latter claim were the subject matter of a separate complaint. This is particularly so where, as here, the facts alleged in both claims are the same, and only additional relief is sought. Venue is merely a matter of procedure; once the court has jurisdiction over the subject matter and the parties and has venue of one claim for relief, it may try such additional claim in order to dispose of the entire controversy between the parties in one proceeding. Additionally, an objection to venue is a procedural matter which may be waived, as it has been in the instant case by the defendant, where the defendant appears generally in the proceedings, participates fully in the trial on the merits, and at no time prior to such participation or even prior to the entry of the final order, raises such an objection. *State v. Savastini, supra.*

2. This court had jurisdiction over the person of the defendant.

■ Defendant was duly served with process and a copy of the complaint prior to the first scheduled hearing on February 4, 1955. He was then residing with his aunt in

Paterson, with whom the summons and complaint were left. *R. R.* 6:4–3; 4:4–4(*a*). The court thereby obtained jurisdiction over his person.

Even if he had not been so served, by appearing generally at the hearings on February 4 and February 18, by failing at either hearing to object to jurisdiction over his person, and by fully participating in the hearing on its merits, defendant had waived any objection, or right to object, to jurisdiction over his person and voluntarily submitted himself to the jurisdiction of this court. *R. R.* 4:4–6; *Field v. Field*, 31 *N. J. Super.* 139, 147, 148 (*App. Div.* 1954); *Trautman v. Higbie*, 10 *N. J.* 239, 243 (1952); *Turtur v. Schwarz*, 15 *N. J. Super.* 241, 244 (*App. Div.* 1951).

3. Nor would justice be served by vacating the order, entered after a full hearing, and compelling plaintiff to start all over again in Passaic County. *Cf. State v. Savastini, supra,* 14 *N. J.*, at *page* 520. Defendant may not put plaintiff to the time and expense of a proceeding in a court of competent jurisdiction, and then, because he is not pleased with the decision of that court, attempt in this fashion to relitigate the same matter in another county in the hope that a more favorable result might there be obtained.

Defendant's motion to vacate the support order of February 18, 1955 is denied.