36 N.J. Super. 475 (1955)
116 A.2d 521
GEORGE P. BALADY AND DONALD DAKAK, T/A B & D TRUCKING COMPANY, AND FRANK P. VELTRI, PLAINTIFFS,
v.
MICHAEL (FIRST NAME BEING FICTITIOUS) J. CASCIGLIO, ET AL., DEFENDANTS. AETNA FREIGHT LINES, INC., DEFENDANT AND CROSS-CLAIMANT-APPELLANT,
v.
MICHAEL (FIRST NAME BEING FICTITIOUS) J. CASCIGLIO AND RAYMOND GRECO, DEFENDANTS-RESPONDENTS ON CLAIM OF CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 1, 1955.
Decided August 16, 1955.
*477 Before Judges HETFIELD, MARIANO and HUGHES.
Mr. Raymond L. Cunneen argued the cause for the cross-claimant-appellant (Messrs. Cunneen & Bach, attorneys).
Mr. Gustave A. Peduto argued the cause for the defendants-respondents (Mr. Charles A. Rooney, attorney).
The opinion of the court was delivered by HUGHES, J.S.C. (temporarily assigned).
This appeal is taken from a judgment of dismissal of a cross-claim of the defendant and cross-claimant-appellant, Aetna Freight Lines, Inc., granted on the ground that the court lacked personal jurisdiction of the defendants-respondents on the cross-claim, Michael J. Casciglio and Raymond Greco. The sequence leading to such dismissal was as follows:
On October 29, 1951 a vehicle owned by persons trading as B & D Trucking Company and driven by one Veltri was struck in the rear, on a New Jersey highway, by a truck owned by Casciglio and operated by Greco. The B & D Trucking Company and Veltri instituted suit in the Superior Court, Law Division, against Casciglio and Greco and served these non-resident parties through the Director of the Division of Motor Vehicles under the statute, N.J.S.A. 39:7-2. Later the plaintiffs filed an amended complaint against Casciglio and Greco and added Aetna as a party defendant on the basis that it, Aetna, was at the time of the accident a lessee of the truck of Casciglio which was operated in its behalf by Greco, and hence was responsible also for their negligence. The theory underlying such claim was that the trip involved was being made in interstate commerce and apparently under Aetna's franchise certificate of the Interstate *478 Commerce Commission. Cf. Trautman v. Higbie, 10 N.J. 239 (1952). In any case, the liability theory as to Aetna is not presently before us for, as will appear, judgment was later entered against Aetna, Casciglio and Greco. Before any pretrial conference Aetna filed a cross-claim against Casciglio and Greco for all sums that might be adjudged against it, on the simple allegations that Casciglio and Greco had been under a leasing agreement with Aetna to haul freight on its behalf at the time of the accident involved and that Casciglio and Greco were negligent. Pretrial conference was then held on January 22, 1954 and at the outset the parties agreed and the court ordered that the cross-claim of Aetna against Casciglio and Greco should be severed and tried separately from the main case of the plaintiffs against the said three defendants. Although the pretrial conference was thus limited to consideration of the original or main case, the court recognized that a cross-claim had been filed by Aetna against Greco and Casciglio and had not been answered and leave was given them to answer. Thereafter Casciglio and Greco joined issue on the cross-claim by a general denial, with a specific denial of liability to Aetna, but did not raise any jurisdictional point as to service of the cross-claim upon them, which had been accomplished by registered mail on the then attorney for such cross-claim defendants. The matter of the cross-claim remained in this status until after the trial of the main case, which resulted in a verdict of some $1,780 for plaintiffs against Casciglio, Greco and Aetna. The cross-claim then came on for pretrial conference on December 7, 1954. It was then for the first time that Casciglio and Greco pointed out that they had been served in the main action through the Director of Motor Vehicles and were thus before the court; that the essence of the cross-claim against them by Aetna charged them with responsibilities springing from the contract relationship brought about by the leasing agreement and its performance.
At this pretrial conference, after its cross-claim against Casciglio and Greco had been described as alleging that they were under a leasing agreement with Aetna to haul freight on *479 its behalf, and were negligent, Aetna set forth its factual contention as follows:
"The basis of the cross-claim against Casciglio is a leasing agreement, manifest No. S-2285, dated Oct. 26, 1951, * * *.
The basis of the cross-claim against deft. Greco is that he is primarily liable and Aetna Freight Lines is only liable secondarily."
On the jurisdictional point this was the factual contention at such pretrial conference of Casciglio and Greco:
"These defendants also contend that the court lacks jurisdiction because process over them in the original suit was obtained through the Commissioner of Motor Vehicles, and since this suit is on a leasing agreement, that these defendants could not be served with the cross-claim under the principles set forth in the case of Whalen v. Young, recently cited (sic) by the Supreme Court."
The court in such pretrial conference order provided:
"5. All the pleadings are amended to conform to and include the various contentions set forth above."
"10. The issues to be determined at the trial are: * * * (4) jurisdiction of the court; * * *."
No motion was made before trial challenging the jurisdiction with respect to the cross-claim. At trial of the cross-claim, after Aetna's evidence had been heard, Casciglio and Greco contended successfully for dismissal on the ground that under Whalen v. Young, 15 N.J. 321 (1954) the basis of the cross-claim of Aetna arose ex contractu and not ex delicto and thus suit was not maintainable against them within the framework of the present litigation, no personal service of process having been had. They argued, and rightly, that under Whalen v. Young, supra, they were not amenable to service of process through the Motor Vehicle Director except in an action involving a delictum attending their use of the New Jersey highways, as provided by statute, and excluding an action based upon a contractual undertaking to indemnify the user of the highway from the legal consequences of his fault, or to distribute the financial liability, *480 among defendants mutually liable to a plaintiff, pursuant to any such contractual relationship. As against the insistence that they had generally appeared in the action, by their answer on the merits of the cross-claim and otherwise, they persuaded the learned trial court that when they raised and stated the jurisdictional point as a contention at the pretrial conference of the cross-claim on December 7, 1954, and when the pretrial court ordered the pleadings amended to reflect the issues stated in the factual contention there made, it avoided the effect of what otherwise would have been a general appearance. In support of this argument they refer to the rule (R.R. 4:29-1) that
"Such order * * * when entered, becomes part of the record, supersedes the pleadings where inconsistent therewith, and controls the subsequent course of action * * *."
and further to the retroactive effect of amendments as provided by R.R. 4:15-3.
Aetna contends on this appeal from the dismissal of its cross-claim that the defendants to the same, by their appearance at the pretrial conference of January 22, 1954, and by their filing of an answer on the merits which did not challenge the jurisdiction of the court, and by their motion for separate trial of the cross-claim made on the opening of the trial of the main case on September 13, 1954, have generally appeared in the action and have effectively waived any defense that they may theretofore have had with reference to jurisdiction. As a corollary it further contends that the suggestion of the jurisdictional point at the pretrial conference of the cross-claim itself on December 7, 1954 was too late to raise that defense effectively as any challenge to the court's jurisdiction had already been waived by the defendants' general appearance.
Under the reasoning of the court in Whalen v. Young, supra, it is obvious that the filing of an answer and thus a general appearance in a suit instituted against them as nonresidents amenable to service of process by the special statutory *481 procedure did not constitute a submission to the general jurisdiction of the court since the legal consequences of the appearance and answer are of necessity determined by the statute conferring the jurisdiction. The same restricted effect was held to apply, on the same reasoning, to the motion for summary judgment made against the main case in Whalen v. Young, supra, and it, also, did not amount to a submission to the general jurisdiction of the court. But in the Whalen case, supra, timely motions were made to dismiss the cross-claim in which the jurisdictional point was raised in connection with other grounds for such motion. The learned trial court there had considered that the inclusion of such additional grounds not related to jurisdiction was "equivalent to a general appearance under the cross-claim." This theory also was overruled by the Supreme Court in the Whalen case, supra, in view of the provisions of R.R. 4:12-2, providing that "No defense or objection is waived by being joined with one or more other defenses or objections in an answer or motion," it being evident that reliance upon such rule would not justify the concept that an all-inclusive motion containing, among other grounds, a challenge to the jurisdiction, would amount to a voluntary submission to the general jurisdiction of the court. Thus was distinguished the case of Trautman v. Higbie, supra, in which the sequence of a motion for summary judgment on the merits followed by a motion attacking the jurisdiction of the court was held to foreclose a challenge to the jurisdiction on the basis of the general appearance implied by the earlier motion for summary judgment on the merits.
The distinction of the instant case from Whalen v. Young, supra, seems apparent. Here it is necessarily conceded under the principle of that case that the answer of Casciglio and Greco to the complaint of the plaintiffs in the main case was not a submission to the general jurisdiction of the court. It may further be admitted, although not necessary to decision here, that the participation of such defendants in the pretrial conference of January 22, 1954 (by which time the cross-claim had been filed and remained unanswered) was also not *482 equivalent to a general appearance as to any matters outside of the main claim, particularly in view of the clear intention of the parties that such pretrial conference would be limited to the issues raised in the main case. However, the unequivocal answer on the merits of the cross-claim filed by the defendants thereto pursuant to leave of court granted at such pretrial conference failed to raise the jurisdictional point and would ordinarily constitute a general appearance within the sense of Trautman v. Higbie, supra. We hold that it was such a general appearance and can only be construed to have been a purposeful submission to the jurisdiction of the court so far as such cross-claim was concerned. An opposite finding would imply a broadening of the doctrine of the Whalen case unjustified by the principle on which it was based, for when the defendants to this cross-claim answered in general terms not raising the question of jurisdiction they were in a category entirely different from that of the defendants to the cross-claim in the case of Whalen v. Young, supra, where timely motions challenging the jurisdiction of the court over them as to such cross-claim were made and, of course, did not constitute such a general appearance.
This limits the issues before us as to the effect of the belated raising of the jurisdictional point in the pretrial conference of December 7, 1954. At that time, consonant with the theory of general appearance as we know it, jurisdiction of the court over the persons of the defendants on the cross-claim had already attached. This raises the question as to whether it is the intent of the rule, R.R. 4:29-1, supra, that the question of jurisdiction of the court over the parties should be open at all times until pretrial conference and further whether the provisions of R.R. 4:15-3, supra, giving retroactive effect under certain circumstances to amendment of pleadings would entitle the court at any stage of the proceeding to reopen the question of jurisdiction of the parties, previously closed by a general appearance, and thus divest itself of jurisdiction over them in an in personam action.
This suggests a question of policy entirely different in our view from that generally underlying the liberality with which *483 pretrial procedure is to be administered. The extreme flexibility to be accorded the pretrial process is emphasized in Lertch v. McLean, 18 N.J. 68 (1955) to the end that all phases of the controversy may be finally and justly determined between the parties. In that case, however, the court cautioned against misunderstanding such principle as permitting a license to roam at will at the trial outside the issues crystallized at pretrial conference.
It is our view that the same principle controls our decision in this case. Should the rule be construed as contended for by defendants-respondents, the effect of an unequivocal answer on the merits not raising the jurisdictional point, or subsequent conduct amounting to a submission to the jurisdiction of the court, would be entirely lost. At no stage of the case, at least to pretrial conference, would the question of jurisdiction of the person be settled. Such question might, consonant with the contentions made here by defendants-respondents, survive the pretrial conference itself and be reinstated as an issue by a trial judge who might be inclined to allow an amendment in the answering pleading at trial.
Aside from the substantive injustice which could result from a withholding of the defense of lack of jurisdiction of the person, procedural and calendar instability surely would ensue. The rule (R.R. 4:12-2, supra) is lenient enough in permitting this jurisdictional defense to be raised in the answer as well as by motion, and R.R. 4:12-4 gives the parties ample right to crystallize the jurisdictional issue before trial. And in this respect, the jurisdictional question is distinguishable from other defenses, such as contributory negligence, not pleaded in the answer but rightly added to the issues at pretrial, as in Mazzi v. Stein, 10 N.J. Super. 446 (App. Div. 1950), or other claims or defenses injected at the pretrial conference to broaden or clarify the trial issues.
We believe that such extremism was not the intent of the rule, under the principle stated in Turtur v. Schwarz, 15 N.J. Super. 241 (App. Div. 1951); Galler v. Slurzberg, 22 N.J. Super. 477 (App. Div. 1952); Trautman v. Higbie, supra. Moreover, we hold that the participation by the *484 attorney for Aetna and his signing of the pretrial conference order of December 7, 1954 did not in any way reinstate the jurisdictional point as an issue in the case. As pointed out by the court in the case of Whalen v. Young, supra, there was a compulsion to answer the complaint on the part of the defendants there, as otherwise judgment by default could be entered against them; in the same sense, there was a compulsion upon the attorney for Aetna to participate in the pretrial conference of December 7, 1954 and his signature to such pretrial conference order was not intended to nor did it have the effect of an agreement that the contention of the defendants raising the jurisdictional point properly injected it as an issue in the case. Not only may it not be construed as implying any such intent on his part, but his very power may be doubted to divest the court of jurisdiction over the persons already obtained by their general appearance.
We, therefore, determine that the general answer of defendants to the cross-claim not raising the jurisdictional point and not preceded by any motion raising such point amounted to a general appearance vesting jurisdiction over them in the court and that such status was not in any way altered by their later raising of the issue at the pretrial conference or in the amendments to the pleadings ordered thereby.
We further hold that the proofs submitted by Aetna on the trial of the cross-claim, as amplified by the stipulations contained in the pretrial order of December 7, 1954 did not justify the learned trial court in a dismissal of the cross-claim at that stage. It is obvious that such court had no thought of making that the ground of his ruling as clearly appeared by his statement of decision:
"Well, I am going to hold that the pleadings have been amended to assert the answer of the lack of jurisdiction, and that you come directly within this case of Whalen v. Young, in 15 N.J. 321; and since it is really based on a dispute between two nonresidents arising primarily out of this leasing agreement, that the Court did not obtain jurisdiction of the cross-claimant and the cross-claim defendant * * *.
*485 So I will grant your motion, and I will give judgment for the defendants and against the cross-claimant, for that reason, for lack of jurisdiction * * *."
Under all of these circumstances, we determine that the judgment dismissing the cross-claim should be set aside and the case remanded for trial to the Law Division.