## EVELYN JESSEN, PLAINTIFF, v. JOSEPH DE BERNARDO, DEFENDANT.

### Juvenile and Domestic Relations Court
### Bergen County

Decided October 3, 1958.

*Mr. Leon Kreiger,* attorney for plaintiff.

*Messrs. Leyden and Monaghan,* attorneys for defendant.

KOLE, J. Plaintiff instituted an action under *N. J. S. A.* 9:16-1 *et seq.,* charging that defendant is the father of an illegitimate child born to her on October 30, 1956. It is conceded that the child was born in New York and that neither the plaintiff nor the child has a "legal settlement" as defined by *N. J. S. A.* 44:8A–3 and 44:8A–13. However, at the time of the filing of the complaint both plaintiff and child, as well as defendant, were residents of Bergen County. Defendant has moved to dismiss the complaint on the ground that the plaintiff does not have a legal settlement and therefore cannot maintain the proceeding under *N. J. S. A.* 9:16-1 *et seq.*

Defendant argues that *N. J. S. A.* 9:16-3, which provides that jurisdiction of "proceedings hereunder shall be by the courts exercising jurisdiction in bastardy proceedings pursuant to chapter seventeen of this Title [*N. J. S. A.* 9:17-1 *et seq.*]," makes the legal settlement requirement of *N. J. S. A.* 9:17-1 *et seq.* (hereinafter referred to as *chapter* 17) a condition precedent to the institution of an action by the mother of the illegitimate child under *N. J. S. A.* 9:16-1 *et seq.* (hereinafter referred to as *chapter* 16).

There is no doubt that this court, being in the county where plaintiff resided or was at the time the complaint was filed, has jurisdiction and venue over this proceeding. *N. J. S. A.* 9:16-3; 9:17-1; 9:17-2; *R. R.* 6:3-1. Whether there would be such jurisdiction and venue merely because defendant putative father resides in this county need not be decided at this time. *Cf. Fiorino v. Fiorino,* 35 *N. J. Super.* 463 *(Juv. & Dom. Rel. Ct.* 1955).

The only question is whether plaintiff has standing to institute this action by reason of her lack of legal settlement here.

Defendant misconceives the nature of an action by the mother under *chapter* 16. Unlike an action under *chapter* 17, it is not a bastardy proceeding in the statutory or historical sense.

Proceedings under *chapter* 17 are strict bastardy actions, the purpose of which is to guard the public purse from

being used to support illegitimate children where their father may be compelled to assume that burden. With respect to actions under *chapter* 17 by a municipal welfare director, such proceedings are designed to relieve the municipality normally responsible for giving relief under the Poor Acts (*Title* 44 of the *Revised Statutes*)—*i. e.*, the municipality of the mother's legal settlement—of the obligation to support such a child as a public charge under the Poor Acts. Hence, the requirements, among others, in *chapter* 17 actions, that such proceedings are maintainable by the welfare director of the municipality in which the mother has a legal settlement; that the child must be shown to be or likely to become a public charge; and that the amount of support allowable by the court in such a proceeding is only that sufficient to prevent the child from becoming a public charge. *N. J. S. A.* 9:17–2; *R. R.* 6:5–4(a). That the legal settlement requirements for an action for the support of an illegitimate child is limited to actions by a municipal welfare director in a *chapter* 17 proceeding thus to be relieved of a public charge is evidenced by the fact that the definitions of "legal settlement" are to be found in the Poor Acts (*N. J. S. A.* 44:8A–1 *et seq.*). Indeed, the definitions of "legal settlement" relied upon by defendant in the instant case are to be found in such acts. *N. J. S. A.* 44:8A–3, 44:8A–13.

Accordingly, with respect to proceedings to compel support for an illegitimate child, the concept of "legal settlement" has meaning and applicability only in an action under *chapter* 17, the object of which is to prevent the child from being or becoming a public charge on the municipality involved.

On the other hand, the concept of "legal settlement" has no meaning or applicability whatsoever in an action by a mother under *chapter* 16.

An action instituted under *chapter* 16 by the mother of an illegitimate child is not a bastardy proceeding in the statutory or historical sense. It is an entirely new and different kind of statutory remedy, additional to the strict

bastardy proceeding permitted by *chapter* 17. The purpose of such a *chapter* 16 proceeding is to compel, in a civil action for support, a father adequately to support his illegitimate child. The fact that the child may or may not be or become a public charge is immaterial; the child is still entitled to adequate support from its father. The amount of support to be granted by the court is not limited, as in *chapter* 17 proceedings, to an amount required to keep the child off the public relief rolls. The child is entitled to "support and education * * * to the same extent as if born in lawful wedlock" (*N. J. S. A.* 9:16–2) and "consideration shall be given to the age of the child and the ability and financial condition of the parent or parents." (*N. J. S. A.* 9:16–3). In short, the child is entitled to adequate support commensurate with his needs and the financial condition of his parents just as in a proceeding for the support of a child born in wedlock. *Cf. R. R.* 6:5–4(*b*). Such an action under *chapter* 16 is like any other civil action for the support of a child, except that the defendant must first be proved in the action to be the father of the child.

The provision of *N. J. S. A.* 9:16–3 that "jurisdiction of proceedings [under *chapter* 16] shall be had by the courts exercising jurisdiction in bastardy proceedings pursuant to chapter seventeen * * *" merely designates and incorporates by reference to *chapter* 17 the courts which are to exercise jurisdiction. It refers to the definition of "court" to be found in *N. J. S. A.* 9:17–1. *Leonard v. Werger,* 21 *N. J.* 539, 542 (1956). Whether it goes further and refers also to the provision of *N. J. S. A.* 9:17–2 that the court be "in the same county wherein the woman is," need not now be decided.

It does not, however, go still further, as defendant contends, and import into *chapter* 16 the legal settlement provisions of *chapter* 17. It does not make the legal settlement provisions of *chapter* 17 applicable to *chapter* 16 proceedings.

The concept of "legal settlement" has no meaningful place in a proceeding such as that in the instant case, the purpose of which is to obtain adequate support for the child rather

than to relieve the municipality of the obligation of supporting a public charge under the Poor Acts. The Legislature has not expressly made the mother's legal settlement a condition to the maintenance of an action by her under *chapter* 16. It should not be presumed to have extended by implication to *chapter* 16 a concept so foreign to its purpose.

That the Legislature did not intend to make the legal settlement provision of *chapter* 17 applicable to *chapter* 16 is also evident from consideration of another provision of *N. J. S. A.* 9:16–3. Thus, even though the municipal welfare director is permitted to institute an action for support of an illegitimate child under *chapter* 16 *for adequate support* where the child is or is likely to become a public charge, he may do so irrespective of where the mother's legal settlement is. All that is required is that "the father and mother, or either of them, reside" in the municipality of which the plaintiff is welfare director. *N. J. S. A.* 9:16–3. To engraft, as defendant suggests, the legal settlement requirements for an action by a municipal welfare director under *chapter* 17 as a further condition to a proceeding by the municipal welfare director under *chapter* 16 would be directly contrary to the express provisions of *N. J. S. A.* 9:16–3. Certainly, the Legislature could not have intended, and no rule of statutory construction would countenance, the addition of such a repugnant provision to *chapter* 16. *Asbury Park Press v. City of Asbury Park,* 19 *N. J.* 183, 196 (1955).

The foregoing conclusions are supported by the following cases: *Leonard v. Werger,* 21 *N. J.* 539 (1956); *Kopack v. Polzer,* 4 *N. J.* 327 (1950); *Borawick v. Barba,* 7 *N. J.* 393 (1951); *State v. Weiss,* 11 *N. J. Super.* 250 (*App. Div.* 1951); *Hall v. Centolanza,* 28 *N. J. Super.* 391 (*App. Div.* 1953); *Kowalski v. Wojtkowski,* 19 *N. J.* 247, at *page* 262 (1955), dissenting opinion.

Thus, in *Borawick v. Barba, supra,* the Supreme Court held that an action for support could not be maintained in the Superior Court by a non-resident mother of an illegitimate child, since the Superior Court had no jurisdiction of

support actions for illegitimate children. However, the court stated (at *page* 399 of 19 *N. J.*) :

"Since this is not a proceeding in strict bastardy we have passed over the facts that neither the mother nor her child has any settlement in this state and is not shown to be likely to become public charges here   \*   \*   \*."

And in Justice Brennan's dissenting opinion in *Kowalski v. Wojtkowski, supra,* he specifically stated that in an action by a mother under *chapter* 16 for the support of an illegitimate child by its father, the mother is not required to show legal settlement as defined in *N. J. S. A.* 44:8A–3 to 6. Proof of legal settlement, he stated, is required "only when an action is brought by the overseer of the poor or the director of welfare, to relieve the public purse of the burden of supporting the children." It should be noted that the majority opinion in *Kowalski* was based on a ground which did not require a decision on the question discussed by Justice Brennan and involved in the instant case.

For the foregoing reasons defendant's motion to dismiss the complaint is denied.